J. NICHOLSON, County Treasurer, v. J. H. COX, Sheriff, and others.

*Married Woman—Excusable Neglect.*

Where a *feme covert*, sued with her husband and others as surety to an official bond, accepts service of the summons at the husband's instance, relying upon him to employ counsel and defend the suit, and because of such reliance on her husband takes no steps in the matter personally, and judgment goes by default, a case of surprise and excusable neglect is presented which entitles her to have such judgment set aside under C. C. P., § 133.

*Griel* v. *Vernon*, 65 N. C., 76; *Vick* v. *Pope*, 81 N. C., 22; *Harris* v. *Jenkins*, 72 N. C., 183, cited, distinguished and approved.)

MOTION to vacate a judgment under the Code, § 133, heard at Spring Term, 1880, of PERQUIMANS Superior Court, before *Graves, J.*

The court allowed the motion, and the plaintiff appealed. See preceding case.

*Mr. J. W. Albertson,* for plaintiff.
*Messrs. Pruden & Shaw,* for defendant.

DILLARD, J. This was a motion to vacate a judgment for irregularity and for excusable neglect, and on the hearing according to the case of appeal made out by the judge the following facts appear:

The defendant M. I. Jordan and her husband A. S. Jordan, both signed the bond of Cox as sheriff, as sureties together with others, and the signature of the feme covert was put on the bond in the presence of the husband without his consent in writing. The sheriff having made default in not paying over to plaintiff the taxes levied for county purposes, action was brought on his said bond, and the case was constituted in court as to Jordan and his wife, by an admission in writing endorsed on the summons in the words " service accepted " with their names underwritten by each.

As to the circumstances of the admission of service, His Honor finds that the husband carried the summons to the wife and told her to write her name upon it, and that she signed it because of the directions of her husband, without having it read or knowing its contents, and at the return term judgment by default was entered against all the obligors, including the feme covert, Mrs. M. I. Jordan.

It is further found that the wife relied on her husband to employ counsel for her, and to see that a proper defence was made for her, and that because of that reliance, she took no action in the matter herself. That no defence was made to

4

the action by the husband either for himself or his wife, nor did he employ or speak to any attorney for that purpose, and the wife knew not of the rendition of the judgment until shortly thereafter execution was levied on her land.

Upon these facts the only ones deemed material to the view taken of the case by this court, His Honor ruled against the ground of irregularity alleged to consist in the manner of the service of the summons and sustained the motion to vacate the judgment as to the feme covert on the ground of surprise and excusable neglect, and from the judgment both sides appeal, the plaintiff assigning error in the legal conclusion of surprise and excusable neglect, and the defendant M. I. Jordan in the ruling that her admission of service of the summons duly constituted the action in court as to her.

We will first consider and pass upon the appeal of the plaintiff.

The common law doctrines, as to the rights and powers of a husband in and over the property of the wife, and his liability for her contracts and torts before and during the coverture, and as to the wife's capacity to have and hold property independently of the husband and to make contracts and be answerable therefor at law, have been greatly modified by the constitution of 1868 and subsequent legislation. And equally great has been the modification of the old rules regulating suits in court, to which the wife may be a party, in reference to the joinder of the husband therein and their respective capacities and duties in the conduct and management of such suits.

Since the enlarged capacity of a married woman to have a separate property, and to be responsible for liabilities *dum sola*, and on such contracts during the marriage, as by the marriage act (Bat. Rev., ch. 69,) she has power to make, it is provided by statute, that in actions concerning her separate

property, a married woman may sue alone, and also may sue her husband, and be sued by him, but that in all other instances the husband must be joined. C. C. P., § 56. And it is further enacted in the marriage act aforesaid, that in all actions against a married woman, a copy of the summons shall be served on the husband, and on motion to the court the husband may be allowed, with the consent of the wife, to defend in her name and on her behalf, without being subject to have judgment entered against him for any liability of the wife before the marriage or on any contract of hers made during the marriage.

From these changes of our law it results that it was open to question in this action, whether the suretyship of Mrs. M. I. Jordan on the bond of the sheriff was an obligation contracted in such manner and with such requisites as to make it in law binding on her, and it also results that the action brought was of such character as made it imperative to join the husband therein.

The husband was joined with his wife as required by the statute, and the cause was duly constituted in court, as we are to take it on the plaintiff's appeal, but no appearance or defence was interposed by the wife for herself, nor by the husband for her, and the cause went to judgment by default. And now the question is whether, the regularity of the judgment being assumed, and all errors of law in the judgment being concluded as the same stood unreversed, there was any ground of surprise or excusable neglect upon the facts as found by His Honor on which to vacate said judgment and let in the feme covert to make her defence under C. C. P., § 133.

It seems to us that the design and effect of section 15, ch. 69 of Bat. Rev., are to provide that the wife may, if she will, defend herself, and if she does not, then, that the husband may and ought to defend for her, with her consent expressed or implied, and the connection of the husband is

required on the theory that the wife needs his advice and assistance in protecting her property, and that he can and will assist her, if not from interest, at least from duty.

Manifestly it was not expected that the wife, though capable to represent herself in a suit against her, would as a general thing exercise that power, but would commit the management and direction of her defence to the intervention and judgment of her husband. In legal contemplation she would be inclined to trust and could trust, her interests in an adversary suit to her husband.

Now in this action, the attempt was, so far as this defendant was concerned, to subject her separate estate to answer for her contract of suretyship, the validity of which might have been questioned, and no defence as to that or for anything else was set up, and His Honor finds as facts that after procuring the wife's signature to an acknowledgment of the service of the summons on his own direct application, the husband made no appearance to the action, and he further finds as a fact that the wife *relied on him to employ counsel for her and to see that a proper defence was made for her,* and that defendant *because of such reliance* on her husband took no steps in the matter personally.

In our opinion it was natural for defendant to confide in her husband to look after and protect her interests in the action, both from the relation between them and from the disabilities of sex and coverture assumed by the statute to exist as implied from the peremptory requirement of the husband's joinder as a party, and the failure of the husband relied on as he was to make plea for his wife, or have it done, may be considered as a surprise, and the omission of the wife to be attendant to see whether a proper defence was interposed, was in law an excusable neglect.

In *Griel* v. *Vernon*, 65 N. C., 76, cited and approved in many cases since, it was held that a judgment entered against a party who had engaged an attorney to enter his

pleas, which he failed to enter, was a surprise, and that the neglect of the client to examine and see that the attorney had performed his undertaking was an excusable neglect, and it seems to us that the principle of that case applies to and governs our decision in the case under consideration.

It is contended, however, by the plaintiff that the *feme covert* and her husband had their day in court, and as they failed to make defence, the wife for herself or the husband for her, the judgment is a finality and no relief against it can now be had by the wife, and the case of *Vick* v. *Pope*, 81 N. C., 22, is cited as a positive authority. That case in our view is distinguishable from the present one, and is no authority against relief to the defendant here on the grounds on which her application is based. In the case against Pope and wife, the note merged in the judgment was executed by the husband and wife, and the action duly constituted in court, as in this case; and there, the husband retained counsel who appeared in their behalf, and the cause went to judgment according to the course and practice of the court, and no motion being made for relief within the time prescribed in section 133, C. C. P., it was ruled that there was no irregularity, and that the invalidity of the contract of the *feme covert* had been concluded by the judgment and was not open to further controversy on the ground that they had had their day in court.

Under the same state of facts we would so hold in this case, and indeed we would be inclined to go further and hold the *feme covert* concluded by the judgment by default, if it were not for the facts found by the judge, showing a purpose to defend and a reliance on the husband to make the defence, making a case of surprise and excusable neglect, sufficient in law to authorize the court below to vacate the judgment in the exercise of its legal discretion under C. C. P., § 133.

In the course of the argument before us, it was urged that

if the judgment of vacation in the court below could not be supported under section 133, still the married woman was entitled to relief on the ground that her contract of suretyship was invalid, as being entered into without the written assent of her husband, and not charged on her separate estate expressly or by necessary implication, and the case of *Harris* v. *Jenkins,* 72 N. C., 183, was cited as authority for the position. That case was properly decided on its facts. There the judgment was entered on a sheriff's bond upon default of the sheriff to pay into the treasury the state taxes without notice to the obligors, in pursuance of a special law for such cases, and a judgment so entered does not conclude as one rendered in an adversary suit constituted in court by the service of summons, and hence it was admissible, on the motion of Mrs. Harris to annul the judgment, to consider of the effect of her execution of the bond without the written assent of her husband, and for want of a compliance with the statute in that respect to hold the judgment null and void.

In this case, however, the motion is in apt time to have the benefit of section 133, and the husband having commenced to represent his wife by having her to accept the service of summons, and being in fact relied on to employ counsel and to see that a proper defence was made, and failing to give any attention to the matter, it was within the legal discretion of the judge to vacate the judgment and let in a defence of the *feme covert,* and upon these facts the judgment being vacated, we are not able to say there was any abuse of his discretion and his judgment must be affirmed.

Let this be certified to the end that Mrs. M. I. Jordan may be allowed to set up any defence she may have to the action of the plaintiff.

No error.                                    Affirmed.