J. L. SIKES v. JACOB WEATHERLY et al.

*Negligence, excusable—Judgment, vacating.*

1. Husband and wife, being sued for the recovery of land, the wife requested her husband to employ counsel to defend the action, which he promised to do, but being an ignorant man, failed to give the matter attention, and judgment by default was rendered: *Held,* to be excusable neglect on the part of the wife, and the judgment against her was properly vacated, although she may not have been a necessary party to the action.

2. Where the facts urged in support of a motion to vacate a judgment in some aspects shows surprise or excusable neglect, the Court below may, in its discretion, allow or deny the motion, and the exercise of this discretion is not reviewable.

MOTION to vacate a judgment, heard at Spring Term, 1891, of TYRRELL Superior Court, *Bryan, J.,* presiding.

The plaintiff brought this action against the defendants therein, husband and wife, to the Spring Term, 1890, of the Superior Court of the county of Tyrrell, and at the Fall Term of that Court next thereafter obtained judgment by default final for want of an answer.   At the next succeeding term, the *feme* defendant moved to set aside this judgment upon the ground of surprise and excusable neglect, as allowed by the statute (*The Code,* § 274).   The Court heard and disposed of the motion upon affidavits of the parties, finding the facts and giving judgment as follows:

"It appearing to the Court: (1) that on the __ day of ____, 188__, the defendant Jacob Weatherly, without the signature or consent of his wife, executed a certain mortgage to the above plaintiff upon the tract of land mentioned therein, which was worth between three and five hundred dollars, and was all the land her husband owned at that time, and he was greatly embarrassed with debt at that time; (2) that the land was sold under the said mortgage without the

knowledge or consent of his wife Alethia Weatherly for the sum of fifty dollars (the mortgage debt being forty-one dollars), was purchased by J. C. Meekins, Sr., who held a second mortgage for twenty-five dollars, and who conveyed the same to Jesse L. Sikes, the above plaintiff, who paid said Meekins the amount of his debt; (3) that Jesse L. Sikes then brought suit to the Spring Term, 1890, against the defendant Jacob Weatherly and wife for possession of said land at Fall Term, 1890, and obtained judgment by default final against defendants for said land; that the defendant's husband is an ignorant man, and after the summons were served upon him and his wife in the above cause, his wife talked with him about the case, and he promised her to employ counsel, and because of such reliance took no steps in the matter personally; (5) that her husband, through his ignorance and negligence, failed to give the case any attention, or to employ counsel, and judgment by default final was taken against the defendants; (6) that the sum of fifty dollars is all that is due upon the mortgage debt aforesaid. It is considered by the Court that the judgment heretofore rendered in this case be and the same is set aside and revoked."

From this judgment the plaintiff appealed, assigning as error that the facts do not show surprise or excusable neglect; and that the appellee wife was not a necessary party to the action and had no interest in the land the subject of it.

*Messrs. Grandy & Aydlett* (by brief), for plaintiff.
*Mr. J. H. Blount* (by brief), for defendant.

MERRIMON, C. J.—after stating the case: The findings of fact by the Court are not reviewable here, and these plainly show that the appellee was the wife of her co-defendant; that she requested the latter to employ counsel and make defence for her, and she expected he would do so; that he promised that he would; that he was ignorant and negligent

and failed to employ counsel or give the action any attention. The wife might reasonably ask her husband to employ counsel for her and rely upon his promise to do so; it was fit and proper that he should. That he so failed, might well surprise her and make excusable neglect to give attention to the action on her part. It does not appear that she connived at or knew of such neglect. On the contrary, it appears that she intended to make defence and that she might do so successfully.

As the facts, in some reasonable aspect of them, constitute surprise and excusable neglect, it was in the discretion of the Court below to allow or deny the motion, and its exercise of discretion in such respect is not reviewable here. The case of *Nicholson* v. *Cox*, 83 N. C., 48, is nearly directly in point. This case cites *Vick* v. *Pope*, 81 N. C., 22, and distinguishes the latter from it. The other case of *Neville* v. *Pope*, 95 N. C , 350, cites and approves *Nicholson* v. *Cox, supra,* and points out the ground upon which it was not applicable in that case.

That the appellee may not have been a necessary party to the action, and may not have had any interest in the land, is no reason why she should not have the right to set aside the judgment of which she complains for the causes stated. The plaintiff saw fit to make her a party for some reason, and she had the right to make defence, and prevent a judgment against her if she could that might in some way prejudice her. It seems that the purpose in making her a party was to conclude her as to the land, the subject of the action. The plaintiff deemed the judgment important, else why not consent to abandon the judgment as to her? Why was she made a party ?

It does not appear that the Court set aside the judgment as to the defendant husband, as suggested by the brief of plaintiff's counsel. He was not a party to the motion and not affected by it, so far as appears.

No errror.