FARMERS AND MERCHANTS BANK v. OTHO H. DUKE, ADMINISTRATOR' OF H. J. DUKE.

(Filed 12 March, 1924.)

1. **Judgments—Motions to Set Aside—Excusable Neglect—Defenses—Statutes.**

In order to set aside a judgment for mistake, surprise or excusable neglect, there must be a showing of a meritorious defense so that the court can reasonably pass upon the question whether another trial, if granted, would result advantageously for the defendant. C. S., 600.

**2. Same—Appeal and Error—Findings of Fact.**

Upon appeal from the refusal of the Superior Court judge to set aside a judgment for excusable neglect, the facts as found by him upon which he has acted are ordinarily conclusive, and his rulings of law only are reviewable.

**3. Same—Insanity.**

A judgment obtained against one who was *non compos mentis* is not void, but voidable, and can only be set aside for excusable neglect and the showing of a meritorious defense.   C. S., 600.

**4. Same.**

Upon passing upon defendant's motion to set aside a judgment for excusable neglect, upon the ground of his intestate's insanity, it appeared that he was represented on the trial by his counsel, and his depositions read in evidence, and that his friends and relations appeared thereat, and his defense to the action was vigorously made: *Held*, not reversible error for the judge to refuse to pass upon the defendant's insanity at the time of the trial.   The statutory provisions protecting the estate of one *non compos mentis*, C. S., 451, 406, commented upon by *Clarkson, J.*

APPEAL by defendant from *Kerr, J.,* on motion to set aside judgment at October Term, 1923, of VANCE.

Civil action.   We think the facts material for the decision of this case are set forth in the judgment of the court below, which is as follows:

"Now comes O. H. Duke, as administrator of the estate of H. J. Duke, and moves that judgment for the plaintiff in the above-stated action be set aside for the reason that at the time of the trial of said action the defendant was *non compos mentis* and was not represented by a guardian *ad litem,* and offered twelve affidavits to this effect; and that at the time the judgment therein was signed the judge presiding had left the district and his term had expired; and further, that O. H. Duke, the administrator, be made a party defendant in the above action.

"After hearing allegations and evidence of both parties the court finds the following facts:

"1. That the above cause was tried at the October Term of Vance County, 1922.

"2. That at said trial the defendant H. J. Duke was represented by his counsel, Messrs. Hicks & Son and J. G. Mills, the attorneys now making the above-mentioned motion in behalf of O. H. Duke.   That O. H. Duke is a son of defendant H. J. Duke, who was present at the trial, together with sons, sons-in-law, neighbors and friends of the defendant H. J. Duke.

"3. As a basis for using the deposition of H. J. Duke in the evidence, the certificate of the family physician of H. J. Duke, bearing date of the trial of this cause, together with the evidence of Otho Duke,

the son of the defendant, stating that he had seen his father. 'I last saw him (my father) this morning at 6 o'clock. He was down in bed, disable to get out, and has been so since 15 June. He is not able to get up at all without help.' Together with the evidence of T. E. Holden: 'We would accept his checks through our bank. Even knowing his condition, I would cash his checks today.'

"4. The deposition of H. J. Duke was offered in evidence by counsel for H. J. Duke, defendant; admitted by the court, and argued by counsel for defendant.

"5. No question of the insanity of the defendant H. J. Duke at the time of the trial was then raised or suggested.

"6. Upon issue submitted by the court, as shown on the record, the jury found that the defendant H. J. Duke had sufficient mental capacity to execute the notes at the time of their execution, and that the plaintiff, the Farmers and Merchants Bank, was the innocent holder of said notes in due course.

"6½. On motion of J. G. Mills, attorney for H. J. Duke, it was agreed by counsel for plaintiff and defendant that judgment might be signed out of term and out of the district, *nunc pro tunc.*

"7. The judgment was signed by Hon. J. Loyd Horton by consent of counsel out of the district and out of term on 2 January, 1923, as of October Term, 1922.

"8. H. J. Duke was adjudged insane on 29 November, 1922.

"9. Counsel for the defendant gave notice of appeal to the Supreme Court and filed a record of the case without raising any question of his insanity.

"10. On 16 January, 1923, the defendant H. J. Duke signed appeal bond in this cause, together with his son, Otho Duke, which bond was submitted to the clerk of the Superior Court of Vance County as a valid bond and accepted in good faith.

"The appeal of the defendant H. J. Duke was dismissed by the Supreme Court in February, 1923.

"Upon the foregoing findings the court declined to pass on the question of the sanity of H. J. Duke at the time of the verdict and judgment, and doth decline the motion of defendant to set aside the verdict and judgment."

Defendant Otho H. Duke, administrator, excepted to the foregoing findings of fact and judgment, also to the refusal of the court to sign the judgment tendered by defendant, and appealed to this Court, and made the following assignments of error:

"No. 1 is to the refusal of the judge to decide or pass upon the motion of defendant administrator to set aside the verdict and judgment on the ground that the defendant H. J. Duke was insane when the same was rendered.

"No. 2 is to the finding of facts in the judgment signed, defendant contending that they were not based upon any proper evidence, and that in view of the judge's refusal to pass upon the question of the defendant's sanity, they were irrelevant, immaterial and prejudicial to the defendant.

"No. 3 is to the refusal of the judge to sign the judgment tendered by defendant as based upon his ruling, though not being the judgment which the defendant deemed himself entitled to."

*Perry & Kittrell, Andrew J. Harris, and Kittrell & Kittrell for plaintiff.*

*J. G. Mills and T. T. Hicks & Son for defendant.*

CLARKSON, J. The assignments of error raise but one main contention that at the time of the trial of the action the defendant's intestate, H. J. Duke, was *non compos mentis* and was not represented by a guardian *ad litem.* H. J. Duke has died since the verdict and judgment, and the defendant, Otho H. Duke, has been appointed his administrator. The defendant administrator made a motion in the cause in the court below to set aside the judgment. The motion is based on C. S., 600, which is as follows:

"The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding."

It is well settled in this State that the application should show not only mistake, inadvertence, surprise or excusable neglect, but *also a meritorious defense. Land Co. v. Wooten,* 177 N. C., 250, and cases cited; 23 Cyc., 962, 1031.

In the instant case a final judgment is asked to be set aside. If this judgment is set aside, the same evidence will be heard on a new trial, and the issues as heretofore found against defendant's intestate submitted again to a jury. It will be "threshing over old straw." There is nothing in the record to indicate that there is any newly discovered evidence material to the cause that might change the present verdict and judgment. There is a presumption that a judgment in a court of competent jurisdiction is regular and valid.

*Allen, J.,* in *Crumpler v. Hines,* 174 N. C., 284, says: "One who asks to be relieved from a judgment on the ground of excusable neglect must show merit, as otherwise the court would be asked to do the vain thing of setting aside a judgment when it would be its duty to enter again the same judgment on motion of the adverse party. If he is a

plaintiff, he must allege facts constituting a cause of action, and if a defendant, facts which will be a defense. It is not required that these facts be established conclusively on the hearing of the motion, but they must be alleged in good faith, and must, if true, in the one case show a cause of action, and in the other a defense. In other words, the facts alleged must make a *prima facie* cause of action or defense, the ultimate and final determination of these being left to the proper tribunal, if the judgment is set aside. *Mauney v. Gidney,* 88 N. C., 202; *English v. English,* 87 N. C., 497; *Norton v. McLaurin,* 125 N. C., 189; *Turner v. Machine Co.,* 133 N. C., 381; *Minton v. Hughes,* 158 N. C., 586."

*Clark, J.,* in *Norton v. McLaurin, supra,* says: "This is a motion to set aside a judgment for excusable neglect under The Code, sec. 274. The findings of fact by the judge are final (*Weil v. Woodard,* 104 N. C., 94; *Albertson v. Terry,* 108 N. C., 75; *Sykes v. Weatherly,* 110 N. C., 131), unless upon an exception that there was no evidence as to some fact found by him (*Marion v. Tilley,* 119 N. C., 473), or failure to find material facts (*Smith v. Hahn,* 80 N. C., 241)." See *Hardware Co. v. Buhmann,* 159 N. C., 512; *Mann v. Hall,* 163 N. C., 51; *S. v. Jackson,* 183 N. C., 698.

It is the duty of the court below to find the facts, and his finding is ordinarily conclusive. Upon the facts found, the conclusion of law only is reviewable.

The court in the judgment distinctly says, "After hearing allegations and evidence of both parties, the court finds the following facts." Among the many facts found is "No question of the insanity of the defendant H. J. Duke at the time of the trial was then raised or suggested."

At the trial the deposition of H. J. Duke was read; he was represented by counsel; his son, the present administrator, was present; his other sons, sons-in-law, neighbors and friends were present.

The court below, after finding the facts set out in the record, "declined to pass on the question of the sanity of H. J. Duke at the time of the verdict and judgment, and doth decline the motion of defendant to set aside the verdict and judgment."

From the findings of fact by the court below, in law, did he commit error in refusing to pass on the sanity of H. J. Duke and in refusing to set aside the verdict and judgment? We think not. If a verdict is rendered and judgment obtained against a person *non compos mentis,* without a guardian *ad litem,* it is not void but voidable. So, conceding that this was a voidable judgment, should it be set aside for excusable neglect? Under the facts, we think not. H. J. Duke's sons, sons-in-law, neighbors and friends were all present. His counsel were present. No suggestion was made to the judge holding court or to the attorneys

for plaintiff that the defendant's intestate was *non compos mentis.* The trial was regular in all respects. The plaintiffs won, and now this motion is made to set aside the verdict and judgment and a request to the court below to go into the sanity of H. J. Duke at the time of the verdict and judgment. The due and orderly administration of justice under the facts found by the court below would be hampered if the judgment was set aside.

We think the true position is set forth in Buswell on Insanity, sec. 131, as follows: "Unsoundness of mind of a defendant, existing to such an extent as to render him incapable of transacting or understanding business, is sufficient cause to justify the setting aside his default or appearance in a civil suit. But it seems that, in civil as well as in criminal proceedings, the insanity of a party at the time of trial is not a ground for granting a new trial upon his restoration to sanity, *unless it is made to appear to the court that a new result would probably be reached if a new trial were granted, and that, by reason of the party's incapacity, injustice was done him on the former trial.*" (Italics ours.)

We do not think the case of *Craddock v. Brinkley,* 177 N. C., 124, is contra to the position taken in this case. In that case it was said: "The jury find that plaintiff was insane and confined in an asylum at the time the former action was instituted, and also at the time the consent judgment was entered, and that the twenty acres in controversy are her property." In that case, the plaintiff was a married woman.

In *Stigers v. Brent,* 50 Md., 214 (33 Am. Rep., 319), it is said:

"The naked point is presented whether a lunatic can be sued at law for a debt which he contracted when of sound mind, and a judgment therefor obtained against him. Upon this point all the authorities agree, unless where some statute intervenes to prohibit it. In this State no such statute exists. . . . The text-books are also agreed upon the point. In Freeman on Judgments, 123, sec. 152, it is said: 'While an occasional difference of opinion manifests itself in regard to the propriety and possibility of binding *femes covert* and infants by judicial proceedings, in which they were not represented by some competent authority, no such difference has been made apparent in relation to a more unfortunate and more defenseless class of persons; but by a concurrence of judicial authority, lunatics are held to be within the jurisdiction of the courts. Judgments against them, it is said, are neither void nor voidable; they cannot be reversed for error on account of defendant's lunacy. . . . In a suit against a lunatic, the judgment is properly entered against him, and not against his guardian.' See, also, Shelford on Lunatics, pp. (m) 407 and 429, and 3 Robinson's Practice, p. 240, par. 3, and English authorities there cited."

We do not go as far as the *Stigers' case, supra.* Our State, in its humanity towards those whom "the finger of God has touched," has passed the following statutes:

C. S. 451. "In all actions and special proceedings, when any of the defendants are infants, idiots, lunatics, or persons *non compos mentis,* whether residents or nonresidents of this State, they must defend by their general or testamentary guardian, if they have one within this State; and if they have no general or testamentary guardian in the State, and any of them has been summoned, the court in which said action or special proceeding is pending, upon motion of any of the parties, may appoint some discreet person to act as guardian *ad litem,* to defend in behalf of such infants, idiots, lunatics, or persons *non compos mentis.* The guardian so appointed shall, if the cause is a civil action, file his answer to the complaint within the time required for other defendants, unless the time is extended by the court; and if the cause is a special proceeding, a copy of the complaint, with the summons, must be served on him. After twenty days notice of the summons and complaint in the special proceeding, and after answer filed as above prescribed in the civil action, the court may proceed to final judgment as effectually and in the same manner as if there had been personal service upon the said infant, idiot, lunatic, or person *non compos mentis,* defendants."

C. S., 406. "On the trial of any action or special proceeding to which an insane person is a party, such insane person is deemed to have pleaded specially any defense, and shall on trial have the benefit of any defense, whether pleaded or not, that might have been made for him by his guardian or attorney under the provisions of this chapter. The court, at any time before the action or proceeding is finally disposed of, may order the bringing in, by proper notice, of one or more of the near relatives or friends of the insane person, and may make such other order as it deems necessary for his proper defense."

The above section (406) gives the court discretion at any time before the action is finally disposed of to order or bring in by proper notice one or more of the *near relatives or friends of the insane person,* and may make such other order as it deems necessary for a proper defense. In the original trial of the case, H. J. Duke's attorneys, sons, sons-in-law, neighbors and friends were all present.

Without doing so *seriatim,* we have discussed the positions taken by defendant in the assignments of error.

From the facts and circumstances of this case we think the court below correct in its judgment.

Affirmed.