WACHOVIA BANK AND TRUST COMPANY v. E. D. TURNER and His Wife, BERNICE E. TURNER, and R. C. CLICK.

(Filed 27 January, 1932.)

**Judgments K b—Wife's neglect to file answer upon assurances of husband that he would do so held excusable in joint action against them.**

Where a husband and wife living together are sued on a joint cause of action, and the wife, relying on the assurances of her husband that he would employ counsel and cause an answer to be filed in her behalf, neglects to file an answer within the time prescribed, and a judgment by default is entered against her, and immediately upon notice of the judgment she employs counsel and moves to set aside the judgment for surprise and excusable neglect, C. S., 600: *Held;* the neglect of the wife is excusable, and upon a proper showing of a meritorious defense, her motion is properly allowed, the provisions of the Martin Act, C. S., 2507, not affecting the relation of husband and wife or the rights and duties arising therefrom.

Appeal by plaintiff from *Clement, J.,* at April Special Term, 1931, of Forsyth. Affirmed.

This action was begun in the Forsyth County Court. The summons and a copy of the verified complaint filed therein were duly served on each of the defendants. The cause of action alleged in the complaint was founded on a promissory note for the sum of $750, dated 11 January, 1929, and due on 10 June, 1929. The note sued on is payable to the plaintiff; it is alleged in the complaint that the note was executed by the defendants, E. D. Turner and his wife, Bernice E. Turner, and was endorsed, before its delivery to the plaintiff, by the defendant, R. C. Click.

Neither of the defendants filed an answer to the complaint within the time prescribed by statute. On 5 May, 1930, judgment by default final was rendered by the clerk of the Forsyth County Court in favor of the plaintiff and against the defendants for the sum of $750, with interest and costs.

On 22 September, 1930, pursuant to notice in writing served on the plaintiff, the defendant, Bernice E. Turner, moved before the clerk of the Forsyth County Court that the judgment rendered by said clerk on 5 May, 1930, in this action be set aside and vacated, on the ground that she has a meritorious defense to said action, and that her neglect to file an answer to the complaint, setting up such defense, was excusable. Upon the hearing of this motion, the clerk found from all the evidence that the defendant, Bernice E. Turner, has a meritorious defense to the action, but that her neglect to file an answer to the complaint was not

excusable. The motion was denied, and defendant appealed to the judge of the Forsyth County Court. At the hearing of this appeal, the judge approved the findings of fact and conclusions of law made by the clerk, and affirmed his order denying defendant's motion. The defendant excepted and appealed to the judge of the Superior Court of Forsyth County. At the hearing of this appeal, defendant's assignments of error were sustained.

From judgment reversing the judgment of the judge of the Forsyth County Court, and remanding the action to said court, with direction that the judgment by default final against the defendant be set aside and vacated, and that defendant be allowed to file an answer to the complaint in said court, plaintiff appealed to the Supreme Court.

*Fred S. Hutchins and H. Bryce Parker for plaintiff.*
*Peyton B. Abbott and Hastings & Booe for defendant.*

CONNOR, J. In her affidavit filed with the clerk of the Forsyth County Court in support of her motion that the judgment rendered in this action in favor of the plaintiff and against her, be set aside and vacated, the defendant, Bernice E. Turner, denies that she executed the note sued on in this action as alleged in the complaint; she alleges that she did not sign the note as maker or otherwise, and that if her name appears thereon, it is a forgery, or at least that it was signed to the note without her authority. There was evidence at the hearing of the motion by the clerk in support of defendant's affidavit. The clerk found from all the evidence that defendant has a meritorious defense to the action. This finding was approved by the judge of the Forsyth County Court, on defendant's appeal from the order of the clerk of said court denying her motion. It was also approved by the judge of the Superior Court of Forsyth County on defendant's appeal from the judgment of the judge of the Forsyth County Court, affirming the order of the clerk of said court. It is therefore established that defendant has a meritorious defense to the action, and that if this defense is sustained at a trial of the action on its merits, the defendant is not liable to the plaintiff on the note sued on in this action.

It appears from the affidavit of the defendant that at the date of the service of the summons and complaint in this action on the defendant and her husband, E. D. Turner, the said defendants were living together as husband and wife in the city of Winston-Salem; that her husband assured the defendant that he had employed counsel to defend the action, and that he would look after her defense and file an answer to the complaint in her behalf; that the defendant relied upon the assur-

ance of her husband that he would cause an answer to be filed in defendant's behalf, setting up her defense to the action; and for this reason defendant did not attend the court in person or by attorney; and that she did not discover until after she was notified by the attorney for the plaintiff that judgment had been rendered in the action against her, that no answer had been filed therein on her behalf. Immediately upon receiving such notice defendant employed counsel, and caused notice to be served on plaintiff that she would move that the judgment be set aside and vacated in accordance with the provisions of C. S., 600.

The clerk of the Forsyth County Court found that the neglect of the defendant to file an answer to the complaint within the time prescribed by statute was not excusable, and for this reason, notwithstanding his finding that defendant has a meritorious defense to the action, denied her motion. The judge of the Forsyth County Court was of opinion that there was no error in the order of the clerk of said court, denying defendant's motion, and for that reason affirmed said order. The judge of the Superior Court of Forsyth County sustained defendant's assignments of error based upon her exceptions appearing in the record, reversed the judgment of the judge of the Forsyth County Court, and remanded the action to said court, with direction that the judgment by default final against the defendant be set aside and vacated, and that defendant be allowed to file an answer in said court to the complaint, setting up her defense to the action.

The question of law presented by this appeal may be stated as follows: Is the neglect of a wife, who is living with her husband, and who is sued on a joint cause of action with her husband, to file an answer to the complaint, within the time prescribed by statute, because of the assurance of her husband that he will employ counsel and cause an answer to be filed setting up a meritorious defense to the action in her behalf, excusable within the provisions of C. S., 600? We are of the opinion that under these circumstances her neglect is excusable. It was so held in *Nicholson v. Cox,* 83 N. C., 49, and in *Sikes* φ. *Weatherly,* 110 N. C., 131, 14 S. E., 511. The decision in neither of these cases has been overruled or modified by this Court.

C. S., 2507, known as the Martin Act, does not affect or purport to affect the relation of husband and wife, or their mutual rights and duties growing out of the marital relation. As said by *Merrimon, C. J.,* in *Sikes v. Weatherly, supra,* the wife may rely upon her husband's promise to employ counsel for her, at her request, when a summons in a civil action has been served on her. Her neglect to file an answer to the complaint, because of her reliance on her husband's promise to do so, is excusable. The judgment is

Affirmed.