M. C. WHITLEY, TRADING AND DOING BUSINESS AS WHITLEY CONSTRUC-
TION COMPANY, v. JOHN S. (PET) CADDELL AND WIFE, FANNIE O.
CADDELL.

(Filed 19 November, 1952.)

**1. Appeal and Error § 10e—**

     Where oral evidence is offered, the trial court may not settle case on appeal by anticipatory order.

**2. Appeal and Error §§ 6c (2), 31b—**

     Failure of proper statement of case on appeal limits the review to whether the judgment excepted to correctly applies the law to the facts found.

**3. Judgments § 27 (a)—**

> Findings of fact to the effect that defendant's counsel did not appear until after adjournment of the term at which the cause was regularly calendared because he was engaged in the trial of causes in another county, but that he did not request a continuance, *held* to show absence of excusable neglect and to justify the refusal of motion to set aside the judgment, it being required that a party give to his case that degree of diligence ordinarily employed by men of reasonable prudence in looking after business matters of the same or similar importance.

APPEAL by defendants from *Sharp, Special Judge,* June Special Term, 1952, RANDOLPH.

Motion to set aside a judgment on grounds of excusable neglect.

It appears that the action was properly instituted in the Superior Court of Randolph County to recover upon a contract for services rendered in building a fish pond on a tract of land owned by the defendants as tenants by the entirety. Summons was issued, complaint and answer filed, and the case duly and properly calendared for trial and tried at the March 1952 Term of Randolph Superior Court.

The jury answered the issues in favor of the plaintiff and judgment was entered upon the verdict on 27 March, 1952. Thereafter, on 3 April, 1952, the defendants filed a motion to set aside the judgment on the grounds of excusable neglect. This motion was heard on 12 June, 1952, by her Honor, Judge Sharp, upon the judgment roll, affidavits and oral testimony. The court thereupon entered judgment finding and holding that the defendants had not shown any excusable neglect, and denied the motion. In this judgment, the facts found by the court are as follows:

"1. That this case was calendared for trial at the two weeks term of the Superior Court of Randolph County beginning on March 17, 1952, said case being specifically calendared for trial on the printed calendar as the second case on Monday, March 24.

"2. That neither defendants nor their attorney Mr. H. F. Seawell were present in court on March 24.

"3. That on Tuesday, March 25, at the request of Hon. J. H. Clement, Judge Presiding, the Clerk of the Superior Court of Randolph County, Mr. Carl King, telephoned Mr. H. F. Seawell and informed him that this case would be tried on the following day; that Mr. Seawell told the Clerk that he had cases in both Carthage and Sanford on the next day and could not be in Asheboro; that he made no mention of any illness on the part of either of the defendants.

"4. That no request was made of Judge Clement to continue the case on account of defendant's illness or for any other cause.

"5. That the defendant John S. Caddell was present in court upon the hearing of this motion at this term.

"6. That, according to the minutes of this Court, this case was called for trial and issues were submitted to the jury on Wednesday, March 26, 1952, and judgment signed as appears of record on Thursday, March 27, 1952.

"7. That neither the defendants nor their attorney were present in court on March 26, 1952, and neither the defendants nor their attorney took any notice of the term or of the defendants' pending litigation until Mr. Seawell arrived in Asheboro on Thursday, March 27, 1952, sometime after court had adjourned on that day for the term."

The defendants excepted and appealed from the judgment so entered, assigning as error the court's refusal to set aside the original judgment.

In this Court, the plaintiff moves to dismiss the appeal asserting that no statement of case on appeal was ever filed or served on appellee or his attorneys, that no case on appeal has been settled, and that no proper case has been docketed in this Court.

At the time the judgment appealed from was signed, the court attempted to settle the case on appeal by an anticipatory order.

*Prevette & Coltrane for plaintiff, appellee.*
*Seawell & Seawell for defendants, appellants.*

VALENTINE, J. The effort of the presiding judge to settle the case on appeal at the time judgment was signed is not a compliance with the statutes regulating appeal procedure and does not serve to properly present the case for review. When oral evidence is offered, the case on appeal cannot be settled by an anticipatory order. *Hall v. Hall,* 235 N.C. 711, and cases there cited.

The failure of appellant to bring up and docket a proper statement of the case limits our consideration to the question of whether there is error in the judgment. *Parker Co. v. Bank,* 200 N.C. 441, 157 S.E. 419; *Casualty Co. v. Green,* 200 N.C. 535, 157 S.E. 797; *Dixon v. Osborne,* 201 N.C. 489, 160 S.E. 579; *Winchester v. Brotherhood of R. R. Trainmen,* 203 N.C. 735, 167 S.E. 49. Hence, defendants' exception to the judgment restricts the scope of this inquiry to a consideration of the correctness of the law as applied to the facts found. *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20; *Hall v. Hall, supra.*

There are no facts found by the court which would establish excusable neglect on the part of the defendants. *Vick v. Baker,* 122 N.C. 98, 29 S.E. 64; *Pepper v. Clegg,* 132 N.C. 312, 43 S.E. 906; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67. Therefore, the law was correctly applied to the facts found, and defendants' motion was properly denied.

The defendants should have exercised that degree of diligence ordinarily employed by men of reasonable prudence in looking after business

matters of the same or similar importance. *Sluder v. Rollins,* 76 N.C. 271; *Roberts v. Allman,* 106 N.C. 391, 11 S.E. 424; *Pierce v. Eller,* 167 N.C. 672, 83 S.E. 758; *Holland v. Benevolent Assn.,* 176 N.C. 86, 97 S.E. 150; *Cahoon v. Brinkley,* 176 N.C. 5, 96 S.E. 650; *Craver v. Spaugh,* 226 N.C. 450, 38 S.E. 2d 525; *Whitaker v. Raines,* 226 N.C. 526, 39 S.E. 2d 266.

If the business of the defendants' attorney was so pressing as to prevent his attendance upon the trial of this case, he should have made the necessary preparation to have the case handled by some other attorney, or should have requested a continuance based upon such reasons as he could appropriately assign. This was not done, although due notice was given to the defendants' attorney, by order of the presiding judge, that the case would be tried on Wednesday of the week in which it had been duly and properly calendared for trial.

Upon a careful examination of the record before us, we must conclude that the ruling of the court below was correct and the judgment must be upheld.

Affirmed.