JOSEPH A. ABERNETHY, J. GLENN ABERNETHY, AND HAL T. ABER-
   NETHY, PARTNERS TRADING AND DOING BUSINESS UNDER THE FIRM NAME
   OF ABERNETHY LUMBER COMPANY v. KENNETH G. NICHOLS
   AND MARY S. NICHOLS.

(Filed 15 October, 1958.)

**Judgments § 27a—**

   Findings, supported by evidence, to the effect that in an action against
   husband and wife arising out of business dealings between plaintiffs and
   the husband, the wife relied upon the husband's assurance that he
   would handle the matter, and that the wife has a meritorious defense
   to the action against her, *are held* sufficient to support the court's order
   setting aside the judgment against her for suprise and excusable neglect
   under G.S. 1-220 upon her motion made within one year of the rendition
   of judgment.

JOHNSON AND PARKER, JJ., not sitting.

APPEAL by plaintiff appellants from *Craven, S. J.,* at April 7, 1958
Special Term of MECKLENBURG.

Civil action to recover for materials furnished by plaintiffs to de-
fendants for the erection of a dwelling on lands of defendants and to
enforce lien therefor, heard upon motion of feme defendant to set
aside as to her judgment by default.

The record shows order of Craven, J., as follows:

"This cause coming on to be heard and being heard before the
Honorable J. B. Craven, Jr., Judge presiding at the April 7, 1958
Special Civil Term of the Superior Court of Mecklenburg County, and
being heard upon the motion of the defendant, Mary S. Nichols, that
the default judgment heretofore entered in this cause against her be
set aside as to her for the reason that the said judgment was entered
against said defendant as the result of her mistake, surprise and ex-
cusable neglect and that the said defendant has a meritorious defense
to this action;

"And the court, based upon affidavits herein filed and upon oral
argument by counsel for both sides, finds the following to be the facts:

"1. That summons was issued in this action on March 5, 1957, and
service of same and a copy of the complaint was had on the defendant
Mary S. Nichols on March 14, 1957.

"2. That a default judgment was entered against both defendants
on April 15, 1957, which judgment on its face perfects a lein in said
amount against that property described as being all of Lot 1 in Block 4
of Hobb Hills as shown on map recorded in Map Book 6, page 5, of
the Mecklenburg Public Registry, which judgment is recorded in the
civil minute book 88, page 98, and is docketed in judgment Book 21,
page 27, all in said registry.

"3. That upon being served with process, as described in paragraph

1 above, the defendant Mary S. Nichols inquired of the other defendant, her husband, Kenneth G. Nichols, as to why and for what reason she had been sued; that the other defendant, her husband, Kenneth G. Nichols, advised her to give the legal papers to him and he would relieve her of responsibility in the matter; that Mrs. Nichols complied with her husband's request and dismissed the matter from her mind; that Mrs. Nichols was advised, some months later, that a default judgment had been obtained against her.

"4. That the debt out of which this cause of action arose was incurred in the course of business dealings between the plaintiffs and the other defendant, Kenneth G. Nichols; that Mrs. Nichols did not enter into and had no part in the contract sued upon in this cause, and is not liable under the same.

"5. That the defendant, Mary S. Nichols, filed her motion to set aside said judgment above described on March 11, 1958, less than one year after the entry of the said judgment against her.

"As a result of the facts found, as set out above, the court concludes as a matter of law:

"1. That the default judgment, above described, was entered against the defendant, Mary S. Nichols, as the result of her excusable neglect.

"2. That the defendant, Mary S. Nichols, has a meritorious defense to the cause of action alleged in the complaint herein filed.

"It is, therefore, Ordered, Adjudged and Decreed by this Court, in the exercise of its discretion, that the judgment heretofore entered in this cause against the defendant, Mary S. Nichols, be and the same is hereby set aside; that said judgment, as to the defendant, Mary S. Nichols, is ordered to be stricken from Judgment Book 21, page 275, and from the Civil Minute Book 88, page 98; that the defendant, Mary S. Nichols, is granted thirty days from the date of this order to file answer or otherwise plead in this cause; that this case be placed on the trial docket that it may come on for trial in due time."

"The plaintiffs object and except to the foregoing judgment, and * * * to that portion of findings of fact numbered 3, reading as follows: 'that Mrs. Nichols was advised, some months later, that a default judgment had been obtained against her.' * * * to conclusion of law numbered 1 set forth in said Order or Judgment, and to the Order and Decree, the findings and rulings made therein; and to the Order setting aside said judgment as to Mary S. Nichols;" and plaintiffs appeal to Supreme Court and assign error.

*Sedberry Sanders & Walker for plaintiff, appellants.*

*Whitlock, Dockery, Ruff & Perry, by: James O. Cobb for defendant, appellee.*

WINBORNE, C. J.:   Is there error in the judgment from which plaintiffs appeal? In the light of statute G.S. 1-220, under which appellee moves, and decisions of this Court, *Bank v. Turner*, 202 N.C. 162, 162 S.E. 221, *Sikes v. Weatherly*, 110 N.C. 131, 14 S.E. 511, and *Nicholson v. Cox*, 83 N.C. 48, the answer to the question is in the negative.

It is provided by statute, G.S. 1-220, that: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from judgment * * * taken against him through his * * * excusable neglect * * * ." That is, if the party, moving timely, can show excusable neglect, and that he has a meritorious defense the judgment so taken may be set aside. See *Dunn v. Jones*, 195 N.C. 354, 142 S.E. 320; *Van Hanford v. McSwain*, 230 N.C. 229, 53 S.E. 2d, 84; *Stephens v. Childers*, 236 N.C. 348, 72 S.E. 2d, 849, and numerous other cases.

And this Court has held that under G.S. 1-220 a wife's failure or neglect to file answer in a suit against her and her husband, upon assurances by her husband that he will be responsible for and assume the defense of the action, is excusable neglect. See *Bank v. Turner, supra*, where the cases of *Sikes v. Weatherly, supra*, and *Nicholson v. Cox, supra*, are cited with approval. While the facts in these cases are not identical with those in case in hand, the principle there applied is applicable here.

On the authority of decisions in these cases, applied to facts of case in hand, the conduct of the feme defendant in relying upon her husband under the circumstances portrayed in the findings of fact is excusable neglect. And the finding of the Court that Mary S. Nichols has a meritorious defense to the cause of action alleged in the complaint appears to be supported by competent evidence. Hence the judgment below must be affirmed. Therefore let it be so certified, to the end that Mrs. Mary S. Nichols may be allowed to set up any defense she may have to the action of the plaintiffs. *Nicholson v. Cox, supra*.

Affirmed.

JOHNSON AND PARKER, JJ., not sitting.