ALLEN LANE JONES v. STATESVILLE ICE AND FUEL COMPANY, INC. VANCE A. MARTIN, AND JOSEPH JOHN VALLETTA.

(Filed 10 April 1963.)

**1. Judgments § 22—**

A defendant duly served with process is required to give his defense that attention which a man of ordinary prudence usually gives his important business, and his failure to do so is not excusable.

**2. Same—**

Where a husband is duly served with process in a civil action and turns the suit papers over to his wife, and thereafter makes no inquiry as to whether anything had been done with respect thereto, his wife's neglect to take any action to defend the suit will be imputed to him, and the court's denial of his motion under G.S. 1-220 to set aside the default judgment taken against him will not be disturbed.

**3. Same—**

The discretionary refusal of a motion to set aside a default judgment on the ground of surprise and excusable neglect will be upheld on appeal in the absence of a showing of abuse of discretion.

APPEAL by defendant Joseph John Valletta from *Clarkson, J.*, at Chambers in Lenoir, North Carolina, 11 December 1962. From CATAWBA.

This is a civil action instituted by the plaintiff against the defendants in the Superior Court of Catawba County on 28 April 1962, by issuance of summons and filing of complaint. The action is one for recovery against the appellant and others for alleged personal injuries sustained in a motor vehicle collision in the City of Statesville, North Carolina, on 20 December 1959, which collision occurred at the intersection of South Center and East Bell Streets.

Summons was served on the appellant and the co-defendants, the summons having been served, according to the return thereon, on the appellant by David Austin, Deputy Sheriff of Gaston County, North Carolina, on 5 May 1962. The appellant filed no answer, and on 6 June 1962 a judgment by default and inquiry was signed by the Clerk of the Superior Court of Catawba County.

Sometime thereafter, the record does not disclose when, the appellant filed a demurrer to the complaint of the plaintiff on the ground that the complaint fails to state a cause of action against him.

It was agreed that Clarkson, J., assigned to hold the courts of the Twenty-fifth Judicial District of North Carolina, could hear and pass upon the demurrer out of the county and out of the district. The matter was heard in Charlotte, North Carolina, and an order was signed by Clarkson, J. on 26 November 1962 at Newton, North Carolina, overruling the demurrer.

On a date not disclosed by the record, the appellant filed a motion to set aside the judgment by default and inquiry on the ground that neither the summons nor complaint was served on him, but that copies of the summons and complaint were served on his wife Jean (Valletta). This motion was likewise heard by agreement by Clarkson, J. at Charlotte, North Carolina, and the court found as fact: "(T)he movant and defendant, Joseph John Valletta, was personally served with summons and complaint in this action by the Sheriff of Gaston County, North Carolina." Whereupon, an order was entered on 26 November 1962 at Newton, North Carolina, denying the motion to set aside the judgment by default and inquiry.

The appellant filed another motion (on 1 December 1962 according to the appellee's brief) to set aside the judgment by default and inquiry "because of his mistake and excusable neglect in that when the defendant Joseph John Valletta learned that the summons and complaint had been delivered to his wife, the said defendant requested and his wife promised him that she would take care of the legal matters

and would relieve him of all responsibility in the matter; that the defendant, Joseph John Valletta, left the said suit papers with his wife and dismissed the matter from his mind and did not think of the matter again until some months later when he was informed that the judgment by default and inquiry had been obtained against him."

The foregoing motion was heard by consent by Clarkson, J. at Lenoir, North Carolina, on 11 December 1962. After considering the motion, the complaint, the affidavits and the summons in this case, his Honor found, *inter alia*, that "Joseph John Valletta is a resident of Gaston County and holds a position in Fayetteville, North Carolina, as Vice President of OSTB Broadcasting, Inc., and that he stays in Fayetteville all week, except when his business requires that he travel to other places, but comes home on week ends almost every week end, and that he did come home sometime on the week end that the suit papers were served on him and that he turned the papers over to his wife and that she promised that she would take care of everything and would relieve him of all responsibility in the matter; that the car which the defendant Joseph John Valletta was operating at the time of the alleged collision belonged to his wife, Jean Brackett Valletta, and that neither she nor her husband, the said defendant, did anything further about the matter. Further, that the wife of the defendant is a school teacher and lives near Gastonia, N. C."

The court thereupon concluded as a matter of law that the defendant Joseph John Valletta was guilty of inexecusable neglect in that he did not take the necessary steps to employ counsel or otherwise attend to the matter and, therefore, his conduct does not constitute excusable neglect in contemplation of the law. An order denying the motion was entered.

The defendant Joseph John Valletta appeals, assigning error.

*Corne and Warlick for plaintiff appellee.*
*McElwee and Hall for defendant appellant.*

DENNY, C.J.   The question presented for determination on this appeal is whether a judgment by default and inquiry should be set aside for excusable neglect where the defendant turned the entire responsibility of handling the defense of a law suit over to his wife upon her assurance that she would look after it, but neither the defendant nor his wife did anything about the matter until after the judgment by default and inquiry had been entered.

It is provided in G.S. 1-220, in pertinent part, as follows: "The judge shall, upon such terms as may be just, at any time within one

year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise, or execusable neglect, and may supply an omission in any proceeding. * * *"

It is generally held under the above statute that "(p)arties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable." Strong, North Carolina Index, Judgments, section 22; *Whitley v. Caddell,* 236 N.C. 516, 73 S.E. 2d 162; *Pate v. Hospital,* 234 N.C. 637, 68 S.E. 2d 288; *Whitaker v. Raines,* 226 N.C. 526, 39 S.E. 2d 266; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67.

Where a defendant engages an attorney and thereafter diligently confers with the attorney and generally tries to keep informed as to the proceedings, the negligence of the attorney will not be imputed to the defendant. If, however, the defendant turns a legal matter over to an attorney upon the latter's assurance that he will handle the matter, and then the defendant does nothing further about it, such neglect will be inexcusable. *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507; *Pepper v. Clegg,* 132 N.C. 312, 43 S.E. 906.

The evidence in this case tends to show that the defendant, after having been served with summons and a copy of the complaint, turned the defense of the law suit over to his wife who, according to her affidavit, had never been involved in a law suit and therefore had no experience in such matters. According to the appellant's affidavit, when he turned the suit papers over to his wife, he "dismissed the matter from his mind; that the wife of * * * affiant placed the papers in a drawer and they did not cross her mind again until she and this affiant were advised some months later that a judgment by default and inquiry had been obtained against him * * *."

In *Stephens v. Childers,* 236 N.C. 348, 72 S.E. 2d 849, it is said: "The rule is established with us that ordinarily the inexcusable neglect of a responsible agent will be imputed to the principal in a proceeding to set aside a judgment by default. *Stallings v. Spruill,* 176 N.C. 121, 96 S.E. 890." See *Greitzer v. Eastham,* 254 N.C. 752, 119 S.E. 2d 884, and cited cases.

The appellant contends that he is entitled to have the default judgment entered below set aside on authority of *Abernethy v. Nichols,* 249 N.C. 70, 105 S.E. 2d 211. In the *Abernethy* case the debt out of which the cause of action arose was incurred in the course of business dealings between the plaintiffs and the husband of Mrs. Nichols. Mrs. Nichols did not enter into and had no connection whatever with the

contract sued upon in the action. When process was served on Mrs. Nichols, she inquired of the other defendant, her husband, as to why and for what reason she had been sued; her husband advised her to give the legal papers to him and he would relieve her of responsibility in the matter. The husband allowed a default judgment to be entered. Upon motion to set aside the default judgment the court found that her failure to file answer was excusable in light of the assurance of her husband that he would be responsible and would assume the defense of the action. On appeal we affirmed on authority of *Bank v. Turner,* 202 N.C. 162, 162 S.E. 221; *Sikes v. Weatherly,* 110 N.C. 131, 14 S.E. 511 and *Nicholson v. Cox,* 83 N.C. 48.

The above-cited decisions are to the effect that where a husband and wife are jointly sued, the wife may rely upon her husband's promise to employ counsel and file answer; that her neglect to file an answer to the complaint because of her reliance on her husband to do so, is excusable. Connor, J. pointed out in *Bank v. Turner, supra,* that "C.S., 2507 (now G.S. 52-2), known as the Martin Act, does not affect or purport to affect the relation of husband and wife, or their mutual rights and duties growing out of the marital relation."

We find no case in which it has been held that a husband, when served with process in a civil action, may rely on his wife to assume the responsibility of filing answer and defending the suit.

This Court said in *Nicholson v. Cox, supra*: "Manifestly, it was not expected that the wife, though capable to represent herself in a suit against her, would as a general thing exercise that power, but would commit the management and direction of her defense to the intervention and judgment of her husband. In legal contemplation she would be inclined to trust, and could trust, her interests in any adversary suit to her husband."

In our opinion, when the defendant turned the suit papers over to his wife, and thereafter made no inquiry as to whether or not anything had been done with respect thereto, his wife's neglect was imputable to him, and no excusable neglect has been shown by the appellant. *Moore v. Deal, supra.*

Moreover, the motion to set aside the default judgment was denied in the court's discretion. Such decision will be upheld in the absence of an abuse of discretion.

We think there was plenary evidence to support the decision of the court below and that appellant's motion to set aside the default judgment was properly denied.

Affirmed.