J. R. KIRBY v. ASHEVILLE CONTRACTING COMPANY, INC.

No. 7125SC136

(Filed 28 April 1971)

1. **Rules of Civil Procedure § 60— setting aside default judgment — imputing attorney's neglect to defendant**

The neglect of defendant's attorney in failing to answer an amended complaint in apt time will not be imputed to the defendant, where the defendant had delivered a copy of the complaint to the attorney's secretary, and the secretary had failed to bring the complaint to the attention of the attorney; consequently, the superior court properly set aside the judgment of default that had been entered against the defendant. G.S. 1A-1, Rules 55(d), 60(b)(1).

2. **Rules of Civil Procedure § 60— setting aside default judgment — prerequisites**

To set aside a default judgment, the trial court must find not only a meritorious defense but also excusable neglect.

3. **Rules of Civil Procedure § 60; Appeal and Error § 57— setting aside default judgment —findings of fact — appeal**

Findings of fact made by the trial court upon a motion to set aside a default judgment are binding on appeal if supported by any competent evidence.

APPEAL by plaintiff from *McLean, J.,* 24 September 1970 Session of CALDWELL Superior Court.

This is an appeal from an order of a judge of the superior court allowing defendant's motion to set aside a judgment by default entered by the clerk of the superior court. Facts sufficient for an understanding of the matters presented by this appeal are set forth in the order appealed from as follows:

"FINDINGS OF FACT

"1. That original summons and complaint were served upon the defendant on November 2, 1967, and that follow-

ing service upon the defendant, the defendant employed the Law Firm of Bennett, Kelly & Long, a partnership engaged in the practice of law in Asheville, North Carolina, to represent it in said action and to file answer and all other necessary pleadings and papers; that defendant had previously employed said Law Firm on a regular basis and relied upon said attorneys to do all matters and things in connection with defending said action.

"2. That said attorneys filed a demurrer to the complaint, for the reason that plaintiff had failed to separately state several causes of action; that thereafter plaintiff filed an amended complaint to which the defendant again demurred on the same grounds, and that same was argued before the Honorable Thad Bryson, Judge Presiding, who announced no ruling and entered no order thereon, but requested certain information of the defendant, which was furnished through its attorneys.

"3. That although no ruling had been made on said amended complaint, plaintiff presented an order to the Honorable Harry C. Martin, Judge Presiding, without any notice to the defendant or its attorneys, and obtained entry thereof, by the terms of which plaintiff was again allowed to file another amended complaint, said order being dated January 29, 1970; that no copy of this order was mailed to or served on the defendant's attorneys. EXCEPTION No. 3.

"4. That the second amended complaint, order of said Judge Martin, were served upon the defendant through its vice-president, H. C. Browning, on February 3, 1970; that the said Browning immediately took the same to the offices of Bennett, Kelly & Long, placing the same in the hands of one of the office secretaries in the reception room of said law offices, and requested said secretary to bring the same to the attention of one of the attorneys in said law office;

EXCEPTION No. 4

that through inadvertence and mistake said secretary failed to bring said second amended complaint to the attention of any of the attorneys in said office, and caused the same to be placed in the file and that none of the attorneys, members of said firm, or attorneys connected therewith was

Kirby v. Contracting Co.

ever advised or was ever told that said second amended complaint was served or brought to the office of said attorneys.

"5. That said second amended complaint went unnoticed by any member of said law firm until said law firm received from plaintiff's attorney a copy of motion for judgment upon the pleadings for failure of the defendant to file answer to said second amended complaint.

"6. That at all times the defendant and its officers and agents had previously conferred with said attorneys and had furnished said attorneys all the facts relied upon by the defendant for its defense of said action, had obtained a commitment that they would prepare pleadings and necessary papers for the defense of said action, and that the defendant itself was guilty of no neglect with reference thereto. EXCEPTION No. 5.

"7. That the attorney for the defendant filed an answer to plaintiff's motion for judgment by default prior to the time that judgment was entered, but said Clerk entered said judgment by default notwithstanding the answer filed by defendant; that the motion filed herein by the defendant shows that the defendant has a meritorious defense to each of the alleged causes of action set out in the second amended complaint. EXCEPTION No. 6.

"8. That the defendant has, in its motion, shown a meritorious defense to each of the alleged causes of action set out in the second amended complaint. EXCEPTION No. 7."

Based on its findings of fact, the court concluded as a matter of law that the defendant's failure to file answer or other pleadings to the second amended complaint was by mistake and excusable neglect, and that the neglect of its attorneys in failing to carry out the duty which they had assumed in regard to the filing of answer and other pleadings, defending said defendant, was not imputable to the defendant.

From entry of the order setting aside the judgment by default, the plaintiff appealed.

*L. H. Wall for plaintiff appellant.*

*Bennett, Kelly & Long by Harold K. Bennett for defendant appellee.*

HEDRICK, Judge.

**[1]** The plaintiff's ten assignments of error present the question of whether Judge McLean had authority to set aside the judgment of default entered by the clerk, and, if so, whether the evidence supports the findings of fact and the conclusion of law entered thereon.

G.S. 1A-1, Rule 55(d), provides:

> "For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)."

The judgment entered by the clerk was not a mere entry of default, but was a final judgment which may be set aside only for the reasons stated in Rule 60(b) which provides as follows:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> "(1)  Mistake, inadvertence, surprise, or excusable neglect."

Rule 60(b)(1) replaces former G.S. 1-220, and the cases interpreting it are still applicable. *Doxol Gas of Angier, Inc. v. Barefoot,* 10 N.C. App. 703, 179 S.E. 2d 890 (1971). Some of the principles laid down in these cases are necessary for a proper understanding of the instant case. In *Rierson v. York,* 227 N.C. 575, 42 S.E. 2d 902 (1947), it is stated that ". . . the excusability of the neglect on which relief is granted is that of the litigant, not that of the attorney." In *Jones v. Fuel Co.,* 259 N.C. 206, 130 S.E. 2d 324 (1963), Denny, C.J., stated:

> "It is generally held under the above statute that '(p)arties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable.' Strong, North Carolina Index, Judgments, section 22; *Whitley v. Caddell,* 236 N.C. 516, 73 S.E. 2d 162; *Pate v. Hospital,* 234 N.C. 637, 68 S.E. 2d 288; *Whitaker v. Raines,* 226 N.C. 526, 39 S.E. 2d 266; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67.
>
> "Where a defendant engages an attorney and thereafter diligently confers with the attorney and generally tries to

keep informed as to the proceedings, the negligence of the attorney will not be imputed to the defendant. If, however, the defendant turns a legal matter over to an attorney upon the latter's assurance that he will handle the matter, and then the defendant does nothing further about it, such neglect will be inexcusable. *Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507; *Pepper v. Clegg*, 132 N.C. 312, 43 S.E. 906."

[2]    Even if there is evidence from which a finding of excusable neglect can be made, our case law requires a finding of a meritorious defense before the judgment may be set aside. *Doxol Gas of Angier, Inc. v. Barefoot, supra; Cayton v. Clark*, 212 N.C. 374, 193 S.E. 404 (1937). The neglect of the attorney will not be imputed to the litigant unless he is guilty of inexcusable neglect. *Hodge v. First Atlantic Corp.*, 6 N.C. App. 353, 169 S.E. 2d 917 (1969). In the instant case, the evidence reveals that the defendant had employed counsel to handle his defense; that he had given them all pertinent information necessary to defend the action; that counsel had satisfactorily defended the action since the filing of the original complaint on 2 November 1967; and that the defendant had every reason to believe that counsel would properly handle the second amended complaint.

[3]    Findings of fact made by the trial court upon a motion to set aside a judgment by default are binding on appeal if supported by any competent evidence. *Hodge v. First Atlantic Corp., supra; Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507 (1954). Therefore, it is our opinion, and we so hold, that there is plenary competent evidence to support the findings of fact, including the finding that the defendant had a meritorious defense, and they in turn support the conclusion that the defendant's failure to answer or otherwise plead to the second amended complaint was due to mistake and excusable neglect. The order appealed from is affirmed.

Affirmed.

Judges BROCK and MORRIS concur.