LILLIAN SHACKLEFORD v. ROBERT E. TAYLOR.

(Filed 15 April, 1964.)

**1. Judgments § 13—**

An unverified complaint is insufficient basis for a default judgment, either final or upon inquiry.

**2. Judgments § 22—**

The lower court entered an order setting aside default judgment against defendant on the ground of excusable neglect upon findings that the complaint was not verified and that defendant, without experience in such matters, believed it to be nothing more than a notice that suit would be instituted against him if settlement were not made. *Held:* The order setting aside the default judgment is affirmed under the presumption in favor of the order.

**3. Appeal and Error § 39—**

The presumption is in favor of the regularity of the order or judgment of the lower court.

APPEAL by plaintiff from *McLaughlin, J.,* September 9, 1963 Regular Civil Session, DAVIDSON Superior Court.

This appeal is from an order setting aside two judgments entered in favor of the plaintiff and against the defendant for failure to answer. The Assistant Clerk Superior Court entered judgment by default and inquiry on February 2, 1963. At the March Term following, the jury fixed plaintiff's damages at $20,000.00. The court signed judgment in accordance with the verdict.

On July 30, 1963, the defendant filed a verified motion in the cause, alleging his failure to answer the complaint and to appear in court

which entered the judgments against him was through his mistake, inadvertance, surprise, and excusable neglect; and that he had a meritorious defense to the cause of action alleged against him.

After a full hearing, Judge McLaughlin made detailed findings of fact, the essentials of which are summarized in the opinion, and upon these findings concluded the defendant's failure to answer, appear, and defend the action was excusable; and, further, that he had a meritorious defense. The motion was lodged within the time permitted by G.S. 1-220. Judge McLaughlin's order setting aside the judgments allowed the defendant time to answer. The plaintiff appealed.

*W. H. Steed, for plaintiff appellant.*
*DeLapp & Ward for defendant appellee.*

HIGGINS, J.   The evidence before Judge McLaughlin, in short summary, disclosed the following: On the afternoon of August 5, 1962, the plaintiff was riding beside her husband in the front seat of a Plymouth automobile as he drove slowly along Highway No. 220 in the Town of Candor in Montgomery County. Traffic was heavy. The defendant, a State Highway Patrolman, undertook to back the patrol car into the highway from its parked position between two other vehicles, all parked at an angle to the curb. The Plymouth approached from the rear. The two vehicles came in contact. The rear bumper of the patrol car creased the body of the Plymouth, bending the right rear fender. Both vehicles stopped almost instantly. The plaintiff and her husband, and their children also riding in the car, said they were uninjured.

On August 27, 1962, the defendant notified his superior officer, Corporal Mount, that he had been involved in an accident in which some slight damage had been done to the Shackleford vehicle. The following day Corporal Mount interviewed the plaintiff's husband with respect to repairing the damage to the automobile which they estimated as $60.00 to $90.00.

On December 17, 1962, the plaintiff instituted suit in the Superior Court of Davidson County for $25,000.00 damages for personal injuries alleged to have resulted from the accident in Candor. Summons under seal of the court was issued, directed to the Sheriff of Montgomery County. A copy was delivered to the defendant with a copy of the complaint signed by plaintiff's attorney. The copy of the summons with seal attached did not contain the signature or name of the clerk. The verification on the copy of the complaint was blank — unsigned either by plaintiff or any official.

The defendant testified he was new on the Highway Patrol; that he had never testified as a witness in the superior court; that he had never

seen a civil summons and considered the papers, unsigned except by the plaintiff's attorney, as nothing more than a notice that unless he made settlement, a suit would be instituted against him for damages; that he was certain he had sufficient evidence to show that the contact between the two vehicles was too slight to have caused any physical injury to the plaintiff. After he received the papers he notified Corporal Mount that he was threatened with a suit for damages. Corporal Mount advised him not to employ counsel, that the insurance company had been notified of the accident and would take over.

The defendant had no actual notice of any hearing or judgment, either by default or final, until March 20, 1963. On that day plaintiff's counsel made demand for the payment of $20,000.00 due by judgment. Immediately after this notice and well within the time limit, the defendant moved to set aside the judgments. The court sustained the motion and entered an order permitting the defendant to answer, all upon a finding that the failure to answer was excusable and that he had a meritorious defense.

The decisions of this Court are not altogether in harmony with respect to what constitutes excusable neglect. For a list and digest of the cases involving the power of the court to grant relief from a judgment, order, verdict, or other proceeding because of failure to appear, plead, or defend (G.S. 1-220), see Strong's North Carolina Index, Vol. 3, Judgments, § 22; N. C. Law Review, Vol. 31, p. 324, Vol. 37, p. 472, Vol. 41, p. 267. In certain cases the facts clearly indicate the failure to appear, plead, or defend was excusable, and others the failure was inexcusable. "The decisions on the subject . . . are not entirely satisfactory with respect to their consistency. In fact, many of them are irreconcilable. *Sutherland v. McLean,* 199 N.C. 345, 154 S.E. 662." *Greitzer v. Eastham,* 254 N.C. 752, 119 S.E. 2d 884. The difficulty arises in those cases which do not fall clearly in either category. This is such a case.

In so far as basis for the cause of action is concerned, the copy of the complaint served on the defendant gave him notice of nothing more than was contained in his copy. Thus the record presents a serious question whether the defendant was given any notice of a pleading which would support a default judgment because of failure to answer. Technically, at least, the plaintiff failed to deliver a copy of such complaint. An unverified complaint is an insufficient basis for a default judgment, either final or upon inquiry. *Pruitt v. Taylor,* 247 N.C. 380, 100 S.E. 2d 841. If the plaintiff insists the defendant was guilty of inexcusable neglect in treating the complaint as a mere demand for the settlement of damages out of court, then she should not insist too vigor-

ously on the validity of a default judgment based upon a complaint which she permitted him to believe was unverified.

The trial court heard the evidence, made the findings of fact, and ordered the judgments set aside. In a case so close, the presumption of regularity in favor of the order below may be upheld upon the ground error is not made to appear. The plaintiff will have full opportunity to try her case before a jury in her own county. *Finance Co. v. McDonald*, 249 N.C. 72, 105 S.E. 2d 193; *Nicholson v. Cox*, 83 N.C. 48.

The judgment of the Superior Court of Davidson County is
Affirmed.