DAN L. GREGG v. J. B. STEELE AND EVELYN GORE STEELE

No. 745DC660

(Filed 18 December 1974)

1. **Rules of Civil Procedure § 60— setting aside default judgment — no showing of excusable neglect**

    Trial court erred in setting aside default judgment against the male defendant based on excusable neglect where the evidence tended to show that the female defendant received a summons and complaint which she turned over to her husband, the male defendant went to plaintiff's attorney on the same day and stated that he did not owe plaintiff any money, and the male defendant, being inexperienced in legal matters, did not employ an attorney or file an answer, but simply assumed he would be notified when to appear for trial.

2. **Rules of Civil Procedure § 60— no excusable neglect by wife — setting aside default judgment improper**

    The trial court erred in setting aside default judgment against the female defendant based on excusable neglect where there was no evidence that she neglected to file an answer upon assurances by her husband that he would be responsible for the defense of the action.

APPEAL by plaintiff from *Barefoot, Judge,* 25 March 1974 Session of District Court held in NEW HANOVER County. Heard in the Court of Appeals on 13 November 1974.

Plaintiff brought an action to recover a sum certain allegedly due on a note executed by defendants. Defendants failed to plead and the clerk of court entered a default against them. After entry of default the clerk entered judgment by default for the sum certain. Several months later defendants obtained an order by Judge Barefoot setting aside the default judgment. Plaintiff appealed.

*Harold P. Laing for plaintiff appellant.*

*No counsel contra.*

MARTIN, Judge.

[1] G.S. 1A-1, Rule 55 (d) provides that "[f]or good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60 (b)." Plaintiff contends the trial court erred in setting aside the default judgment because there was insufficient evidence from which the court could find excusable neglect on the defendants' part.

Gregg v. Steele

Defendants' testimony and J. B. Steele's affidavit indicate that Evelyn Steele received a summons and complaint which she turned over to her husband, J. B. Steele. That same day, J. B. Steele went to the office of plaintiff's attorney and stated that he did not owe plaintiff any money. Being inexperienced in legal matters, J. B. Steele did not employ an attorney and did not file an answer. He thought he would be notified when to appear for trial.

A party may be relieved from a final judgment for mistake, inadvertence, surprise, or excusable neglect. G.S. 1A-1, Rule 60(b)(1). "Rule 60(b)(1) replaces former G.S. 1-220, and the cases interpreting it are still applicable." *Kirby v. Contracting Co.*, 11 N.C. App. 128, 180 S.E. 2d 407 (1971). Since defendant J. B. Steele knew he had been sued on a note, this case is distinguishable from *Shackleford v. Taylor*, 261 N.C. 640, 135 S.E. 2d 667 (1964) where the legal inexperience of a defaulting party was an important factor. "Parties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable." 5 Strong, N. C. Index 2d, Judgments, § 25, p. 46-47. If a party's neglect of a lawsuit is excusable simply because that party has no attorney, has never been involved in a lawsuit before, and lacks knowledge of when the case will come up for trial then the term "excusable neglect" has little meaning. Therefore, we hold that J. B. Steele has not shown "excusable neglect" on his part.

[2] "[A] wife's failure or neglect to file answer in a suit against her and her husband, upon assurances by her husband that he will be responsible for and assume the defense of the action, is excusable neglect." *Abernathy v. Nichols*, 249 N.C. 70, 105 S.E. 2d 211 (1958). In the present case, there is nothing to indicate that Evelyn Steele neglected to file an answer upon assurances by her husband that he would be responsible for the defense of the action. Thus, her neglect has not been shown to be excusable.

For the reasons stated, the order appealed from is

Reversed.

Judges BRITT and HEDRICK concur.