HICKORY WHITE TRUCKS, INC. v. ROBERT LEE GREENE AND JOYCE J. GREENE

No. 7625DC1033

(Filed 19 October 1977)

1. Execution § 3— issuance in county of judgment

Under G.S. 1-307 only the clerk of superior court in the county where a judgment is rendered may issue execution even though the judgment is docketed in other counties.

2. Accounts § 1; Judgments § 25.2— action on account— setting aside default judgment— wife's reliance on husband— meritorious defense

The feme defendant's failure to file answer in an action on an open account against her and her husband resulted from excusable neglect where she relied on the verbal assurances of her husband that he would take care of the matter; furthermore, feme defendant showed that she had a meritorious defense to the action where she presented evidence that the account ledger was in the name of her husband only and her name did not appear on the open account, and that she has never received a demand for payment from plaintiff.

3. Chattel Mortgages § 19— purchase money security agreement—deficiency— liability of feme defendant

The trial court erred in finding that the feme defendant had a meritorious defense to an action against her and her husband to recover a deficiency remaining after the sale of a truck-tractor under a purchase money security agreement

where she admitted that she signed the security agreement as a co-customer, and there was no showing of fraud in the procurement of the agreement.

APPEAL by plaintiff from *Vernon, Judge.* Order entered 9 August 1976 in District Court, BURKE County. Heard in the Court of Appeals 21 September 1977.

Plaintiff brought an action in Catawba County against defendants seeking recovery of a sum certain on three causes of action: (1) for nonpayment of an open account for services rendered by plaintiff for defendants; (2) for a deficiency remaining after sale of a truck-tractor under a purchase money security agreement, signed by both defendants; and (3) for default in payment on a promissory note. Defendants failed to plead, and the Clerk of Superior Court of Catawba County entered a default judgment against them. A transcript of the judgment was docketed in Burke County and pursuant to an execution issued by the Clerk of the Superior Court of Burke County, defendants' home was sold and plaintiff was the highest bidder.

The feme defendant obtained a temporary restraining order and preliminary injunction to prevent confirmation of the execution sale. She also filed a motion in the cause to have the default judgment set aside as to her on causes of action (1) and (2) because of excusable neglect and a meritorious defense. She did not dispute her liability on the third cause of action, the promissory note. She also asserted that the execution sale was null and void because the execution was issued by the Clerk of Superior Court in Burke County in violation of G.S. 1-307.

Feme defendant's evidence of excusable neglect tended to show that when the complaint was served upon her she turned the papers over to her husband who assured her that he would take care of the matter; that she consulted an attorney who informed her that she need not respond to the complaint since she would not be liable on causes of action (1) and (2); and that she failed to respond to cause of action (3) because she knew that she was liable on the promissory note. On the meritorious defense issue, the feme defendant contended that she was not liable in the first cause of action because her name did not appear on the open account; that she was not liable in the second cause of action even though she had signed the installment sales contract as a co-customer; that she had never been in the plaintiff's office; and that plaintiff had never made any demands on her for money.

At the hearing on the feme defendant's motion, the court held that she had shown excusable neglect and a meritorious defense and ordered that the judgment be set aside as to causes of action (1) and (2). The court also held that the execution sale was null and void because under G.S. 1-307 the Clerk of Superior Court in Burke County had no authority to issue an execution based upon a judgment rendered in Catawba County. Plaintiff appeals.

*West, Groome, Baumberger, Tuttle and Thomas, by Carroll N. Tuttle, for plaintiff appellant.*

*Byrd, Byrd, Ervin and Blanton, by Robert B. Byrd and Scott Whisnant, for defendant appellee.*

BRITT, Judge.

[1]  Plaintiff contends that the trial court erred in setting aside the default judgment on the first and second causes of action because the feme defendant failed to show excusable neglect and a meritorious defense. We conclude that the trial court was correct in setting aside the default judgment as to the first cause of action, but incorrect as to the second cause of action since the feme defendant failed to show a meriotorious defense. We also conclude that under G.S. 1-307 only the Clerk of Superior Court in the county where a judgment is rendered may issue execution even though the judgment is docketed in other counties.

G.S. 1A-1, Rule 55(d) provides that "[f]or good cause shown the court may set aside an entry on default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." G.S. 1A-1, Rule 60(b)(1) provides that a final judgment may be set aside if "[m]istake, inadvertence, surprise, or excusable neglect" is shown.

G.S. 1A-1, Rule 60(b)(1) replaces former G.S. 1-220, but is still governed by case law developed under G.S. 1-220. *Gregg v. Steele,* 24 N.C. App. 310, 210 S.E. 2d 434 (1974); *Kirby v. Asheville Contracting Co.,* 11 N.C. App. 128, 180 S.E. 2d 407, *cert. denied,* 278 N.C. 701, 181 S.E. 2d 602 (1971). Case law under former G.S. 1-220 required that a party moving to set aside a judgment on ground of excusable neglect also show that he had a meritorious defense to the plaintiff's cause of action. *Hanford v. McSwain,* 230 N.C. 229, 53 S.E. 2d 84 (1949); *Haiduven v. Cooper,* 23 N.C. App. 67, 208 S.E. 2d 223 (1974).

[2]  On the open account action, the feme defendant showed excusable neglect and a meritorious defense. Excusable neglect was

shown by the fact that she relied upon her husband's assurances that he would take care of the matter. In *Gregg v. Steele*, 24 N.C. App. 310, 311, 210 S.E. 2d 434, 435 (1974), the court stated:

> "[A] wife's failure or neglect to file answer in a suit against her and her husband, upon assurances by her husband that he will be responsible for and assume the defense of the action, is excusable neglect." *Abernathy v. Nichols*, 249 N.C. 70, 105 S.E. 2d 211 (1958).

The feme defendant also showed a meritorious defense as to her liability on the open account by the following facts: the account ledger was in the name of Bob Greene only; her name did not appear on the open account at all; and she had never received a demand for payment from plaintiff. Since she showed both excusable neglect and a meritorious defense on the open account action, the trial court's order setting aside the judgment against the feme defendant on the first cause of action is affirmed.

[3]   As to the second cause of action, the deficiency judgment on the consumer installment contract, the feme defendant showed excusable neglect by her reliance on her husband's verbal assurances that he would take care of the matter, but she failed to show a meritorious defense. By admitting that she signed the consumer installment contract as a co-customer, she acknowledged that she became bound by the contract. Absent a showing of fraud in the procurement of the contract, she could not be released. *Colt v. Kimball*, 190 N.C. 169, 129 S.E. 406 (1925). Since the finding of a meritorious defense was not supported by any competent evidence or by sufficient findings of material facts, the trial court was incorrect in setting aside the judgment against the feme defendant on the second cause of action. *Mason v. Mason*, 22 N.C. App. 494, 206 S.E. 2d 764 (1974).

In *Weil v. Woodard*, 104 N.C. 94, 97, 10 S.E. 129, 130 (1889), the court set forth the standard of review for an appellate court when a judgment is set aside in a trial court pursuant to former G.S. 1-220 (now G.S. 1A-1, Rule 60(b)(1)):

> [I]f the facts so found in any such case, in any reasonable view of them, constitute such "mistake, inadvertence, surprise or excusable neglect," and if the judge grants the motion, in the exercise of his sound discretion, this Court has no authority to reverse or disturb his action, because the statute makes the discretion his. *It is however, the duty of this Court, on appeal, to determine whether or not the facts as found by the judge*

Jarvis v. Sanders

*below, in any reasonable view of them, constitute such "mistake, inadvertence, surprise or excusable neglect," and if they do not, then the order of the court allowing the motion will be reversed;* or, if the Court below denies the motion, upon the ground that the facts do not present a case for exercise of his discretion in allowing or disallowing it, then this Court may review his decision, and if it decides that there is error, then the judge below must exercise his discretion and allow or disallow the motion. (Emphasis added.)

For the reasons stated above we conclude:

(1) The execution sale is null and void since the Clerk of the Burke County Superior Court had no authority to issue execution on a judgment rendered in Catawba County. G.S. 1-307.

(2) The order setting aside the default judgment on the first cause of action, the open account, is affirmed.

(3) The order setting aside the default judgment on the second cause of action, the deficiency due on the consumer installment contract, is reversed.

Affirmed in part. Reversed in part.

Chief Judge BROCK and Judge MORRIS concur.