GENE DAVIS v. WILMA M. MITCHELL, EXECUTRIX OF THE ESTATE OF
PAUL C. MITCHELL, JR. AND DR. RICHARD R. VENSEL

No. 7929SC479

(Filed 15 April 1980)

**Rules of Civil Procedure § 55.1— claim against defendant not clearly stated—entry
of default properly set aside**

    The trial court did not err in setting aside entry of default against defend-
ant in plaintiff's action to recover the balance due on a promissory note, since
plaintiff's complaint alleged that a third person was indebted to plaintiff upon
a promissory note and had executed a security agreement in which defendant's
aircraft was included as collateral for the note, and defendant was the
registered owner of the airplane; but the complaint did not allege any contrac-
tual or other obligation of defendant to plaintiff; and the complaint did not
make it clear that defendant's ownership in the aircraft was at stake.

APPEAL by plaintiff from *Riddle, Judge.* Order entered 26
February 1979 in Superior Court, RUTHERFORD County. Heard in
the Court of Appeals 8 January 1980.

Plaintiff instituted this action against the defendant ex-
ecutrix of the estate of Paul C. Mitchell to recover the balance
due on a promissory note signed by the deceased and secured by
a Rallye MS894 aircraft. Plaintiff joined defendant Dr. Richard R.
Vensel as a defendant to the action, alleging Vensel was listed as
the registered owner of the aircraft and that plaintiff was unable
to determine Vensel's interest, if any, in the plane. Plaintiff
prayed for a temporary restraining order and injunction maintain-
ing and securing the aircraft in Rutherford County until the
dispute between the parties was settled, an order entitling plain-
tiff to possession and ownership of the plane, and for the balance
due of $27,000 on the note together with interest and attorney's
fees from Mitchell's estate.

Defendant Vensel, a resident of the State of Pennsylvania,
was served with a copy of the summons and complaint by regis-
tered mail on 12 April 1978. Vensel failed to answer plaintiff's
complaint or otherwise appear in the action within thirty days as
required by G.S. 1A-1, Rule 12(a)(1). Upon plaintiff's affidavit, the
Clerk of Superior Court entered default against defendant pur-
suant to Rule 55(a) on 17 May 1978. On plaintiff's motion, judg-
ment by default was entered against Vensel under Rule 55(b)(2),

the judgment reciting that plaintiff was entitled to all of defendant Vensel's interest in the aircraft. Defendant Mitchell answered plaintiff's complaint admitting all of plaintiff's allegations, and upon plaintiff's motion, judgment on the pleadings was entered against the estate on 5 September 1978 in the sum of $27,000, together with interest, costs, attorney's fees and for all of the estate's interest in the aircraft, less any excess which sale of the plane would bring.

Defendant Vensel filed a motion pursuant to Rule 55(d) to set aside the entry of default and default judgment on grounds defendant had acted with mistake, inadvertence, and excusable neglect, and that he had a meritorious defense to plaintiff's action. Vensel submitted an affidavit in support of the motion in which he stated that he had received no formal legal education and that his reading of plaintiff's complaint disclosed that the action related to the interests of the defendant estate only, and that his interest in the aircraft would not be affected. Vensel's attorney submitted an affidavit stating that Vensel had meritorious defenses to plaintiff's action, listing: lack of jurisdiction; failure of plaintiff to allege privity between plaintiff and defendant; and failure of the complaint to state a cause of action against Vensel.

Following a hearing on defendant's motion, the trial court made extensive findings of fact, finding, *inter alia*, that defendant did not understand that plaintiff was attempting to deny or terminate his ownership in the aircraft and that from an examination of the pleadings initially filed in the cause, it was not readily apparent as to why defendant Vensel was brought into the action, nor what relief specifically was sought. Upon his findings, the trial court concluded that the failure of defendant Vensel to file an answer or other pleadings in the action was the result of inadvertent and excusable neglect and that he had a number of meritorious defenses to the action. From the trial court's order setting aside the entry of default and default judgment against defendant Vensel and allowing him an additional thirty days in which to file an answer, plaintiff appeals.

*Raymer, Lewis, Eisele & Patterson, by Walter B. Patterson, for plaintiff appellant.*

*Robert W. Wolf for defendant appellee.*

WELLS, Judge.

While disposing of this appeal on its merits, we deem it nevertheless appropriate to comment briefly on its interlocutory nature. The frequency with which the appellate courts of our State are confronted with appeals which may be deemed interlocutory or fragmentary causes us some considerable concern. The Federal courts as well as a majority of the courts of other jurisdictions have concluded that the setting aside of a default judgment is not ordinarily appealable. *See, Murphy v. Helena Rubenstein Co.*, 355 F. 2d 553 (3rd Cir. 1965); 15 Wright & Miller, Federal Practice and Procedure: Civil § 3914, p. 586 (1976); 7 Moore's Federal Practice ¶ 60.30[3], pp. 431-432 (2d ed. 1979); Annot., Appealability of Order Setting Aside, or Refusing to Set Aside, Default Judgment, 8 A.L.R. 3d 1272 (1966). Our appellate courts have, however, historically entertained such appeals. *See, e.g., Shackleford v. Taylor*, 261 N.C. 640, 135 S.E. 2d 667 (1964); *Howard v. Williams*, 40 N.C. App. 575, 253 S.E. 2d 571 (1979). The practice has not escaped criticism. *See,* Comment, Survey of Developments in North Carolina Law, 1978, 57 N.C. L. REV. 827, 914-918 (1979). Normally, an interlocutory order which does not affect a "substantial right" of one of the parties under G.S. 1-277 and G.S. 7A-27(d) is not appealable, and the avoidance of a rehearing or trial is not considered to be such a "substantial right." *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979); *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). As indicated in our opinion filed today in *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240 (1980), we perceive that our Supreme Court in *Industries, supra,* and *Waters, supra,* has raised the flag of caution to the bench and bar with respect to interlocutory or fragmentary appeals.

Plaintiff's assignments of error present the question of whether Judge Riddle had authority to set aside the judgment of default entered by the clerk, and, if so, whether the evidence supports the findings of fact and the conclusions of law entered thereon.

G.S. 1A-1, Rule 55(d), provides:

> For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b).

The judgment entered by the clerk followed entry of default, and therefore was a final judgment which may be set aside pursuant to the provisions of Rule 60(b), which provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect
> . . . .

Although the facts found by the trial court are conclusive on appeal if they are supported by any evidence, whether or not these findings of fact constitute excusable neglect is a matter of law and is reviewable upon appeal. *Dishman v. Dishman,* 37 N.C. App. 543, 246 S.E. 2d 819 (1978); *Doxol Gas v. Barefoot,* 10 N.C. App. 703, 179 S.E. 2d 890 (1971). Even if there is evidence from which a finding of excusable neglect can be made, our case law requires a finding of meritorious defense before the judgment may be set aside. *Doxol Gas v. Barefoot, supra.*

Our review of the record indicates that the trial court's findings of fact, which were quite extensive, were amply supported by the evidence. We also find that the trial court properly concluded that defendant Vensel has shown excusable neglect and has asserted a meritorious defense. Judge Riddle went to the heart of the matter in his finding that based upon the complaint alone, defendant simply did not understand that his ownership of the aircraft was at stake. The complaint contains no allegation of any contractual relationship between plaintiff and defendant Vensel, nor any obligation of Vensel to plaintiff. In fact, it is alleged in the complaint that Vensel was the registered owner of the aircraft. While the complaint does allege that defendant Mitchell's deceased husband was indebted to plaintiff upon a promissory note and had executed a security agreement in which the aircraft was included as collateral for the note, the complaint does not, nevertheless, appear to set forth any claim upon which relief might be granted against the defendant Vensel. Under such circumstances, we find that the defendant's failure to respond to this action until judgment was entered against him declaring that plaintiff was entitled to all Vensel's right, title, and interest in the aircraft, was excusable. From defendant Vensel's answer it is

---

---

abundantly clear that he had a meritorious defense to plaintiff's action.

The order of the trial court setting aside the entry and judgment of default against the defendant Richard R. Vensel is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.