JAMES FOX HOWARD, ADMINISTRATOR OF THE ESTATE OF ELIZABETH HUNTER HOWARD v. OCEAN TRAIL CONVALESCENT CENTER, JAMES TUCKER D/B/A TUCKER ELECTRIC COMPANY, JAMES W. EVANS D/B/A SOUTHPORT ELECTRICAL SERVICE, JOHNSON CONTROLS, INC., AND ROBERT L. COWAN, INDOOR COMFORT CONTRACTORS, INC. D/B/A TEMPERATURE CONTROL COMPANY

No. 8313SC577

(Filed 15 May 1984)

**Appeal and Error § 6.2— interlocutory appeal**

A court's orders denying defendants' motions to dismiss, one defendant's motion to quash service of an amended complaint, and the trial court's order allowing plaintiff to amend his complaint to realign the parties were all interlocutory and not appealable.

APPEAL by defendants from *Hobgood, Judge.* Judgment entered 7 March 1983 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 4 April 1984.

On 27 May 1981, plaintiff filed this action against defendant Ocean Trail Convalescent Center (Ocean Trail) for personal injury and wrongful death of plaintiff's intestate. Defendant Ocean Trail filed an answer and third party complaint against Evans and Johnson Controls. Defendants Evans and Johnson each filed an answer to defendant Ocean Trail's third party complaint.

On 20 September 1982, with consent of defendant Ocean Trail, plaintiff filed an amended complaint against defendants Ocean Trail, Evans, Johnson Controls, Tucker, Cowan, and Indoor Comfort Contractors. Defendants Evans and Johnson Controls, each filed motions pursuant to Rules 12 and 41(b) to dismiss plaintiff's amended complaint on the grounds that the amendment was made after responsive pleadings and without leave of court or consent of all adverse parties. Defendant Tucker filed an answer to the amended complaint which included as defense motions to dismiss pursuant to Rules 12 and 41(b) and a motion to quash service of the amended complaint pursuant to Rule 12.

On 9 February 1983, plaintiff filed a motion to amend the pleadings if it was determined that leave of court was required. The motion asked that defendants Tucker, Cowan, and Indoor Comfort be added as parties defendants, relating back to the filing of the amendment and to the service of process on these additional defendants.

On 7 March 1983, the motions came on for hearing. Third party defendants' motions to dismiss were denied, defendant Tucker's motion to quash service of the amended complaint was denied, and plaintiff's motion to amend the complaint to realign the parties was allowed. Defendants Evans, Johnson Controls, and Tucker appeal.

*I. Murchison Biggs and Prevatte & Prevatte, for plaintiff-appellee.*

*Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr., for defendant-appellant Evans, d/b/a Southport Electrical Service.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Richard T. Feerick, for defendant-appellant Johnson Controls, Inc.*

*McLean, Stacy, Henry & McLean, by Everett L. Henry, for defendant-appellant Tucker, d/b/a Tucker Electric Company.*

EAGLES, Judge.

Defendants Evans, Johnson Controls, and Tucker each assign as error the trial court's denial of their motions to dismiss. We hold that the court's order denying defendant's motions to dismiss was interlocutory, does not affect a substantial right, and is therefore not appealable. Denial of a motion to dismiss is interlocutory because it simply allows an action to proceed and will not seriously impair any right of defendants that cannot be corrected upon appeal from final judgment. *Godley Auction Co., Inc. v. Myers*, 40 N.C. App. 570, 253 S.E. 2d 362 (1979). The avoidance of a trial is not a "substantial right" that would make such an interlocutory order appealable under G.S. 1-277 or G.S. 7A-27(d). *Davis v. Mitchell*, 46 N.C. App. 272, 265 S.E. 2d 248 (1980).

Denial of defendant Tucker's motion to quash service of the amended complaint was also interlocutory, does not affect a

substantial right, and is not immediately appealable. Our Supreme Court has held that the G.S. 1-277(b) provision for "immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of defendant" applies to the state's authority to bring a defendant before its courts ("minimum contacts" considerations), not to challenges of sufficiency of process and service. *Love v. Moore*, 305 N.C. 575, 291 S.E. 2d 141 (1982).

Defendants assign as error the order allowing plaintiff to amend the complaint to realign the parties, and this assignment of error is also premature and not appealable. The order granting the motion to amend is obviously not a final judgment but is interlocutory. *Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310 (1975). No "substantial right" is at stake, so there is no right to immediate appeal on this issue.

For the reasons given above, this appeal is

Dismissed.

Judges WEBB and BECTON concur.