THOMAS M. McINNIS & ASSOCIATES, INC. v. JANET H. HALL

No. 8420DC709

(Filed 3 September 1985)

**1. Rules of Civil Procedure § 60; Judgments § 25— failure to file answer—reliance on assurances of husband—excusable neglect**

The trial court did not abuse its discretion by finding that defendant's failure to respond to a complaint was excusable neglect where defendant and her husband had entered into an auction contract with the plaintiff to sell their farm, earnest money from the sale was paid into an escrow account, the sale was never completed, defendant's husband instituted an action against the auctioneer to recover the earnest money and the auctioneer filed a counterclaim for commissions plus interest from the date of the sale, defendant was not a party to the action, judgment was entered in favor of the auctioneer with interest from the date of judgment, the auctioneer filed an action against defendant for commissions plus interest from the date of sale, defendant's husband assured her that the matter had been resolved and that there was no need to respond to the complaint, and default was entered against defendant for the difference between interest calculated from the date of sale and interest awarded from the date of judgment in the earlier action. Defendant had co-signed the contract with the auctioneer, she had followed the action against her husband, she was aware that he had satisfied the judgment against him,

Thomas M. McInnis & Assoc. v. Hall

and she therefore reasonably relied on his assurances that the matter had been taken care of. G.S. 1A-1, Rule 60(b)(1).

2. **Rules of Civil Procedure § 60.2; Judgments § 29— failure to file answer—satisfaction of judgment against joint obligor—not a meritorious defense**

The trial court did not abuse its discretion in denying defendant's Rule 60(b)(1) motion where defendant could not rely on a judgment against her husband to establish collateral estoppel as a meritorious defense because she was a joint obligor with her husband but was neither a party to the earlier action nor in privity with him. G.S. 1-72 (1983).

Judge WELLS concurring in part and dissenting in part.

APPEAL by defendant from *Beale, Judge.* Order entered in open court 9 February 1984 and signed 28 February 1984 in District Court, RICHMOND County. Heard in the Court of Appeals 15 February 1985.

*Sharpe & Buckner, by Richard G. Buckner, for plaintiff appellee.*

*Manning, Fulton & Skinner, by Charles B. Morris, Jr. and Barry D. Mann, for defendant appellant.*

BECTON, Judge.

Defendant, Janet H. Hall, appeals from the denial of her Rule 60(b)(1) motion to set aside a default judgment in the amount of $1,678.56.

On 21 July 1980, Janet Hall and her husband, Bobby R. Hall, entered into an auction contract with the plaintiff auctioneer, Thomas M. McInnis & Associates, Inc. (McInnis), which provided that McInnis would sell the Halls' 70-acre poultry farm in exchange for commissions based on a set percentage of the sale price. After the high bidder at the 22 July 1980 auction had paid the earnest money into an escrow account, a dispute arose between the high bidder and the Halls. As a result, the sale was never completed.

In December 1980, Mr. Hall instituted an action against McInnis to recover the earnest money McInnis held in escrow. Mrs. Hall was not joined as a party to the action. McInnis filed a counterclaim for breach of the auction contract against Mr. Hall, asking the trial court to award $7,800 in commissions plus in-

terest from the date of sale, the date of the alleged breach. A judgment was entered in favor of McInnis, awarding it $7,800 plus interest from the date of the judgment, not the date of the sale.

Three days after Mr. Hall had satisfied the judgment against him, Mrs. Hall, the joint obligor on the auction contract, was served with a summons and complaint for a second action, based on the same breach of contract. McInnis again asked the trial court to award it $7,800 in commissions plus interest *from the date of sale*. Mr. Hall assured his wife that the matter had been resolved, and there was no need to respond to the Complaint. Mrs. Hall followed his advice. Default was entered on 18 July 1983 in the amount of $1,678.56, the difference between the interest calculated from the date of sale and the interest awarded from the date of judgment in the earlier action against Mr. Hall. Default judgment was entered on 25 July 1983 in the same amount. The trial court denied Mrs. Hall's Rule 60(b)(1) motion to set aside the default judgment. The court found that Mrs. Hall's failure to respond to the Complaint constituted excusable neglect but that collateral estoppel was not a meritorious defense.

On appeal Mrs. Hall asserts that collateral estoppel is a meritorious defense to the additional award of interest. McInnis cross-assigns error to the trial court's finding of excusable neglect. We are not persuaded by either party. For the purpose of clarity, we address McInnis' cross-assignment of error first.

I

[1] To set aside a judgment on the ground of excusable neglect under Rule 60(b)(1) of the North Carolina Rules of Civil Procedure, a movant must show both excusable neglect and a meritorious defense. *Howard v. Williams*, 40 N.C. App. 575, 253 S.E. 2d 571 (1979); *U.S.I.F. Wynnewood Corp. v. Soderquist*, 27 N.C. App. 611, 219 S.E. 2d 787 (1975). Appellate review of a ruling on a Rule 60(b) motion is limited to determining whether the trial court abused its discretion. *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E. 2d 532, 541 (1975).

Mrs. Hall cites *Hickory White Trucks, Inc. v. Greene*, 34 N.C. App. 279, 237 S.E. 2d 862 (1977) and *Gregg v. Steele*, 24 N.C. App. 310, 210 S.E. 2d 434 (1974) to support the trial court's finding of excusable neglect. To establish excusable neglect, both the *Hicko-*

Thomas M. McInnis & Assoc. v. Hall

*ry* and the *Gregg* Courts relied exclusively on evidence of the wives' reliance on their husbands' assurances that their husbands would handle the matters in the future. Each case quotes *Abernathy v. Nichols*, 249 N.C. 70, 72, 105 S.E. 2d 211, 213 (1958) (citations omitted):

> [A] wife's failure or neglect to file answer in à suit against her and her husband, upon assurances by her husband that he will be responsible for and assume the defense of the action, is excusable neglect.

Here the trial court found that Mrs. Hall "turned the papers over to [her husband], upon the assurance from [him] that this matter had been resolved and that there was no necessity to respond to [McInnis'] complaint." McInnis does not dispute Mrs. Hall's reliance, but instead it argues that her reliance on Mr. Hall's assurances of past actions cannot form the basis for excusable neglect. We are unwilling to draw such a fine line between *Abernathy, Hickory,* and *Gregg,* on one hand, and the facts before us, on the other. The emphasis in the case law appears to be on the wife's reliance on her husband's assurances, rather than on the time sequence of his actions. We conclude that the trial court did not abuse its discretion in finding that Mrs. Hall's failure to respond to the Complaint was excusable neglect under these circumstances. Mrs. Hall had co-signed the contract; she had followed the action against her husband; she was aware that he had satisfied the judgment against him; and she, therefore, reasonably relied on his assurances that the matter had been taken care of. *See Dishman v. Dishman,* 37 N.C. App. 543, 547, 246 S.E. 2d 819, 822 (1978) (standard for excusable neglect: reasonably expected conduct of a party paying proper attention to her case under all surrounding circumstances).

## II

[2] The crucial issue becomes whether Mrs. Hall established a *prima facie* meritorious defense. *See U.S.I.F. Wynnewood Corp.* (need not establish meritorious defense as a matter of law). We conclude that the doctrine of collateral estoppel is not a meritorious defense to this breach of contract action involving joint obligors.

Under N.C. Gen. Stat. Sec. 1-72 (1983), joint obligors on a contract are jointly and severally liable. The statute permits an in-

jured party to seek recovery against one or more joint obligors without impairing his right to proceed against the other joint obligors later. *Rufty v. Claywell, Powell & Co.*, 93 N.C. 306, 308 (1885). Conversely, a joint obligor who is not a party to the original action is not bound by any judgment rendered in that action.

Thus, in application, the doctrine of joint and several liability is inconsistent with the doctrine of collateral estoppel. Collateral estoppel prevents parties, and those in privity with them, from relitigating issues that were necessarily decided in a prior action. *King v. Grindstaff*, 284 N.C. 348, 200 S.E. 2d 799 (1973).

> Two tortfeasors or two obligors are not as such in privity with each other. One not sued is a stranger to a judgment rendered in an action between the injured person or the obligee and the other tortfeasor or obligor. Even when sued jointly, they are not in privity with each other. . . . It is only where the parties have litigated or had an opportunity to litigate the issues between themselves or where there is a relation between them which affects their rights inter se [that collateral estoppel applies].

Restatement of Judgments Sec. 94 comment a (1942); *see also id.* Sec. 93; *cf.* 46 Am. Jur. 2d *Judgments* Sec. 547 (1969) (discussing effect on co-parties of judgment in first action on later action between them). Since Mrs. Hall was neither a party to the earlier action against her husband nor in privity with him, she has failed to establish collateral estoppel as a *prima facie* meritorious defense.

Absent a showing of a meritorious defense, the trial court did not abuse its discretion in denying Mrs. Hall's Rule 60(b)(1) motion.

Affirmed.

Judge WELLS concurs in part and dissents in part.

Judge WHICHARD concurs.

Judge WELLS concurring in part and dissenting in part.

I concur in that part of the majority opinion which holds that the trial court correctly concluded that defendant's neglect in failing to answer was excusable.

I dissent from that part of the majority opinion which holds that defendant did not have a meritorious defense to plaintiff's claim because defendant was not in privity with her husband with respect to plaintiff's claim. This application of the doctrine of privity is both narrow and mechanistic, and such application is not required by previous decisions of our courts.

In the prior case against defendant's husband, plaintiff's claim for prejudgment interest was fully litigated and finally determined. In my opinion, plaintiff should be collaterally estopped by the judgment in that action from pursuing the same claim against defendant in this action.