BRYANT, Judge.
Where plaintiff fails to establish that the denial of his motion to dismiss the action below affects a substantial right, plaintiff's interlocutory appeal is dismissed.
On 25 February 2015, in Onslow County District Court Division Small-Claims, plaintiff Christopher Daniel Willis filed a Complaint for Money Owed against defendants Hartis Properties, Inc. and Jason Hamilton. Plaintiff claimed damages in the amount of $7,146.00 for rent recoupment and rent abatement.
The record before us indicates that in 2013, plaintiff entered into a lease agreement for a residence located at 156 Mendover Drive in Jacksonville. The property was owned by defendant Hamilton and his wife Madonna Hamilton; defendant Hartis Properties was a property management company. The lease agreement was for a term from January 2014 until January 2016. Due to a settlement reached in prior litigation between defendant Hamilton and a general contractor, repairs to the foundation of the 156 Mendover residence were commenced in October 2014 and continued to December 2014. During that time plaintiff and his wife, Lisa Willis, were required to move their belongings to accommodate the contractors. For the inconvenience, defendants offered plaintiff and his wife compensation equal to two months' rent. However, at the time the small-claims action was commenced in February 2014 neither defendant Hamilton nor defendant Hartis Properties had compensated plaintiff and his wife.
In anticipation of a hearing scheduled for 27 March 2015 in Onslow County Small-Claims Court, defendant Hamilton submitted a letter stating that he was in the armed services and was then stationed in Omaha, Nebraska. He was unable to appear in court on the 27 March 2015 hearing date, as he would be participating in military exercises. Defendant Hamilton acknowledged an agreement he made with plaintiff for plaintiff to receive a credit of two months' rent (a total of $2,850) upon completion of improvements to the property.
On 27 March 2015, a hearing was held in Onslow County Small-Claims Court, the Honorable Kathy S. Patton, Judge presiding. Plaintiff and defendant Hartis Properties both appeared pro se . Defendant Hamilton did not appear and was not represented by counsel. Following the hearing, the court entered an order in favor of plaintiff allowing him to recover $4,050.00 for breach of contract. Notice of appeal was given in open court by defendant Hartis Properties. And on 31 March 2015, a written notice of appeal to Onslow County District Court was filed by "defendant."
On 17 April and 4 May 2015, respectively, Jason D. Hegg, with the law firm J. Hegg Law, PLLC, filed an entry of appearance and an amended entry of appearance, giving notice of legal representation on behalf of defendant Jason Hamilton. On 5 May 2015, defendant Hamilton, through counsel, moved the District Court to dismiss plaintiff's action for failure to join a necessary party, pursuant to Rule 12(b)(7).[1] On 12 May 2015, Beth A. Faleris, with the Faleris Law Firm, PLLC, entered a notice of appearance for legal representation on behalf of plaintiff. On 29 June 2015, defendant Hamilton's 12(b)(7) motion to dismiss was heard in Onslow County District Court, the Honorable William Cameron, Judge presiding.
On 5 November 2015, the court entered an order which denied defendant Hamilton's Rule 12(b)(7) motion to dismiss the action and "allow[ed] Plaintiff Willis to file an amended complaint to add the necessary parties."
Also on 5 November 2015, the court entered a second order addressing an oral motion made during the 29 June 2015 hearing. In his oral motion, plaintiff had moved to dismiss defendant Hamilton from the appeal of the 27 March 2015 small-claims court order for failure to make a timely appeal. In its order, the District Court found that during the 27 March 2015 hearing in small-claims court, plaintiff Willis and defendant Hartis Properties both appeared pro se ; defendant Hamilton did not appear, either individually or through representation. Following the 27 March hearing, defendant Hartis Properties gave oral notice of appeal. Then on 31 March 2015, Robert Detwiler, retained counsel for Hartis Properties, filed a written notice of appeal and paid the court cost for appeal. During the 29 June 2015 hearing, counsel Robert Detwiler stated that both defendants had contacted him about representation, but he had advised defendant Hamilton to seek independent representation. Defendant Hamilton later retained Jason Hegg. The District Court concluded that the written notice appealing the 27 March 2015 small-claims court order did not clearly indicate which defendant appealed; also, plaintiff had filed a single action against both defendants Hartis Properties and Hamilton; and that action was timely appealed and the court costs paid. On those grounds, the court denied plaintiff's oral motion to dismiss defendant Hamilton from the district court proceeding. Plaintiff appeals the trial court's 5 November 2015 order which denied his motion to dismiss defendant Hamilton from the appeal of the 27 March 2015 small-claims court order.
_________________________
On appeal, plaintiff argues that the trial court erred by (I) denying his oral motion to dismiss defendant Hamilton's untimely appeal from the 27 March 2015 small-claims court order; (II) determining that the notice of appeal filed by counsel for defendant Hartis Properties included all defendants; and (III, IV, V, & VI) making findings of fact absent competent evidence.
Yet, before we reach the merits of plaintiff's arguments, we must consider whether plaintiff's appeal is properly before this Court. Defendant Hamilton contends that plaintiff's appeal is interlocutory and should be dismissed. We agree.
"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. Durham , 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments. ... Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature...." Goldston v. Am. Motors Corp. , 326 N.C. 723, 725-26, 392 S.E.2d 735, 736 (1990) (citation and quotation marks omitted). "The appellant bears the burden of demonstrating that the order is appealable despite its interlocutory nature." Wells Fargo Bank, N.A. v. Corneal , 238 N.C. App. 192, 194, 767 S.E.2d 374, 376 (2014) (citation omitted).
Pursuant to North Carolina General Statutes, section 1-277, "[a]n appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, ... which affects a substantial right claimed in any action or proceeding...." N.C. Gen. Stat. § 1-277(a) (2015). Moreover, appeal of right lies directly to the Court of Appeals "[f]rom any interlocutory order or judgment of a ... district court in a civil action or proceeding that ... [a]ffects a substantial right." Id. § 7A-27(b)(3)(a.) (2015).
There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.
Turner v. Norfolk S. Corp. , 137 N.C. App. 138, 141, 526 S.E.2d 666, 669 (2000) (citations omitted).
Here, the trial court's 5 November 2015 order appealed was not certified for immediate appeal pursuant to N.C.R. Civ. P. 54(b) and was not final as to any claim or party. This forecloses the first avenue to appeal the interlocutory order. Thus, we consider the second avenue for interlocutory appeals, whether the trial court's order detrimentally affects a substantial right.
Our Supreme Court has defined a "substantial right" as "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right." Sharpe v. Worland , 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (alteration in original) (quoting Oestreicher v. Am. Nat'l Stores , 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976) ). "Essentially a two-part test has developed-the right itself must be substantial and the deprivation of that substantial right must potentially work injury ... if not corrected before appeal from final judgment." Id.
On appeal, plaintiff challenges the trial court's 5 November 2015 order which denied plaintiff's motion to dismiss defendant Hamilton from the appeal of the 27 March 2015 small-claims court order for defendant Hamilton's failure to timely appeal the same order. Plaintiff contends that defendant Hamilton's appeal was not timely and that defendant is "attempting to give himself another opportunity to have his case heard all over again ... by latching on to the appeal made by the other defendant." However, plaintiff does not reveal how this affects a substantial right of his or how it will potentially work an injury if not corrected prior to a final judgment. Cf. Whitehurst Inv. Props., LLC v. NewBridge Bank , 237 N.C. App. 92, 95, 764 S.E.2d 487, 489 (2014) (Even where multiple actions are concerned, "[our Supreme Court] has held that denial of a motion to dismiss premised on res judicata and collateral estoppel does not automatically affect a substantial right[.]" (citation omitted)); Grant v. Miller , 170 N.C. App. 184, 185-86, 611 S.E.2d 477, 478 (2005) ("Ordinarily, a trial court's denial of a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure is an interlocutory order from which there is no right of appeal." (citation omitted)); Howard v. Ocean Trail Convalescent Ctr. , 68 N.C. App. 494, 495, 315 S.E.2d 97, 99 (1984) ("The avoidance of a trial is not a 'substantial right' that would make such an interlocutory order appealable under G.S. 1-277 or G.S. 7A-27 [ ]." (citation omitted)).
Because plaintiff still carries the burden of proof as to his claims against each defendant, plaintiff has failed to meet his burden of establishing the deprivation of a substantial right as a result of the trial court's failure to dismiss defendant Hamilton from further proceedings and/or how this deprivation will potentially work injury if not corrected before a final judgment. See Sharpe , 351 N.C. at 162, 522 S.E.2d at 579 ; Howard , 68 N.C. App. at 495, 315 S.E.2d at 99. Therefore, as plaintiff has failed to provide a proper basis to appeal the 5 November 2015 interlocutory order, see Turner , 137 N.C. App. at 141, 526 S.E.2d at 669, we dismiss this appeal.
DISMISSED.
Report per Rule 30(e).
Judges STEPHENS and DILLON concur.

In his complaint, plaintiff failed to name his wife, Lisa Willis-also a tenant residing at the residence at 156 Mendover Drive, as a plaintiff and also did not name defendant Hamilton's wife, Madonna Hamilton-a co-owner of the residence located at 156 Mendover Drive, as a defendant.